Floyd E. JERNIGAN, M.D., Petitioner,

v.

Marie LANGLEY, Individually and as Representative of the Estate of John Langley and Mariah Langley, a Minor, Respondent.

No. 02–0575.

Supreme Court of Texas.

July 3, 2003.

---

**26.** Tex. Lab.Code § 417.001.

**27.** *See Brown,* 921 S.W.2d at 847.

Keith C. Cameron, Austin, Nancy Napier Morrison, Waco, Bob Burleson, Temple, Naman Howell Smith & Lee, P.C., for Petitioner.

Thomas B. Cowart, Harry K. Wasoff, Jr., Law Office of Windle Turley, P.C., Dallas, for Respondent.

PER CURIAM.

The issue in this case is whether a defendant physician waived the right to move for a dismissal with prejudice under Texas Revised Civil Statutes article 4590i, section 13.01(e), when the physician did not object to the plaintiff's expert reports as inadequate for over 600 days after they were filed, engaged in discovery, filed a motion for summary judgment on other grounds, and amended his answer to delete references to the plaintiff's failure to follow statutory prerequisites to suit. The trial court granted the defendant physician's motion to dismiss. A divided court of appeals reversed, concluding that the physician had waived his statutory right to dismissal. 76 S.W.3d 752. We hold that the defendant physician did not waive his right to move for dismissal. Accordingly, we reverse the court of appeals' judgment and remand the case to that court for further proceedings consistent with this opinion.

On October 18, 1996, Marie Langley's husband, John Langley, died at Providence Hospital in Waco. On September 15, 1998, Marie Langley filed suit individually, on behalf of John Langley's estate, and on behalf of Mariah Langley, their minor daughter (collectively "Langley"). Langley asserted that John Langley's death was due to the negligence of Providence and Doctors Walker, Jones, Jernigan, Carpenter, Turney, and Hoffman. Dr. Jernigan was John Langley's attending physician.

On October 28, 1998, pursuant to section 13.01 of the Medical Liability and Insurance Improvement Act, Langley produced two expert reports. See TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01. Section 13.01 of the Act requires claimants to give opposing counsel one or more expert reports, with a curriculum vitae of each expert listed in the report, within 180 days of filing a health care liability claim. Id. § 13.01(d)(1). An expert report is defined as "a written report by an expert that provides a fair summary of the expert's opinions as of the date of the report regarding applicable standards of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed." Id. § 13.01(r)(6). If the claimant does not timely file a report or if the report is inadequate, the defendant may move the court to dismiss the claim with prejudice. Id. § 13.01(e)(3).

On May 5, 2000, Dr. Jernigan filed a motion for summary judgment based on the Charitable Immunity and Liability Act of 1987. See TEX. CIV. PRAC. & REM.CODE ch. 84. No hearing was held on the motion. On June 23, 2000, Dr. Jernigan filed a motion to dismiss with prejudice under article 4590i, section 13.01(e) based on Langley's failure to provide an adequate expert report. On July 27, 2000, Langley filed a third expert report. The trial court held a hearing on Dr. Jernigan's motion to dismiss on July 28, 2000. Langley argued that Dr. Jernigan waived the right to complain of the first two reports' inadequacy because he had waited too long to file the motion and had actively participated in the case. Langley also moved for an extension of time to allow the late filing of the third expert report. The trial court denied Langley's motion for extension of time. After the hearing, the trial court granted Dr. Jernigan's motion to dismiss and severed the claims against him to render a final judgment.

The court of appeals reversed, rejecting Dr. Jernigan's argument that common-law

waiver does not apply. Noting that " '[w]aiver' applies to rights conferred by statute," the court of appeals held that Dr. Jernigan waived his right to a dismissal under article 4590i, section 13.01. 76 S.W.3d at 756–58.

Section 13.01(e) provides that if a claimant has failed to comply with the requirement in subsection (d) to produce an expert report within the time required, on motion of the defendant physician or health care provider, "the court shall ... enter an order awarding as sanctions against the claimant ... the dismissal of the action of the claimant against that defendant with prejudice to the claim's refiling." Tex.Rev.Civ. Stat. Ann. art. 4590i, § 13.01(e). Under the statute's plain language, dismissal is mandatory if "it appears to the court, after hearing, that the report does not represent a good faith effort to comply with the definition of an expert report" in section (r)(6). *Id.* § 13.01(*l*); *Am. Transitional Care Ctrs., Inc. v. Palacios,* 46 S.W.3d 873, 878–79 (Tex.2001). A claimant may move for a thirty-day grace period by filing a motion "before any hearing" on a defendant's motion to dismiss with prejudice under subsection (e). Tex.Rev.Civ. Stat. Ann. art. 4590i, § 13.01(g). If the court finds, after a hearing upon the claimant's motion, that "the failure of the claimant or the claimant's attorney was not intentional or the result of conscious indifference but was the result of an accident or mistake," the court must grant a grace period of thirty days to allow the claimant to comply. *Id.; Walker v. Gutierrez,* 111 S.W.3d 56, 62, 2002 WL 32116846 (Tex.2003).

Section 13.01 imposes a deadline on the claimant to file an expert report, but it does not currently impose a deadline for a health care provider to file a motion to dismiss under subsection (e).[1] Although there is no statutory deadline to file a motion to dismiss, we must decide whether Dr. Jernigan nevertheless waived the right, as the court of appeals concluded, by waiting over 600 days after receiving the reports to object, participating in discovery, filing a motion for summary judgment on other grounds, and amending his answer to delete references to the plaintiff's failure to follow statutory prerequisites to suit. We conclude that Dr. Jernigan did not waive the right to dismissal under section 13.01(e).

Waiver is defined as "an intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right." *Sun Exploration & Prod. Co. v. Benton,* 728 S.W.2d 35, 37 (Tex. 1987); *U.S. Fid. & Guar. Co. v. Bimco Iron & Metal Corp.,* 464 S.W.2d 353, 357 (Tex.1971). Waiver is largely a matter of intent, and for implied waiver to be found through a party's actions, intent must be clearly demonstrated by the surrounding facts and circumstances. *Motor Vehicle Bd. v. El Paso Indep. Auto. Dealers Ass'n, Inc.,* 1 S.W.3d 108, 111 (Tex.1999). There can be no waiver of a right if the person sought to be charged with waiver says or does nothing inconsistent with an intent to rely upon such right. *Maryland Cas. Co. v. Palestine Fashions, Inc.,* 402 S.W.2d 883, 888 (Tex.1966). Waiver is ordinarily a question of fact, but when the surrounding facts and circumstances are undisputed, as in this case, the question

---

1. The Legislature recently codified article 4590i and added a deadline to object to the inadequacy of an expert report. Under the new law, a defendant health care provider has twenty-one days after being served with the expert report to object to the report's insufficiency or "all objections are waived." Act of June 2, 2003, 78th Leg., R.S., H.B. 4, § 10.01 (to be codified at Tex. Civ. Prac. & Rem.Code ch. 74).

becomes one of law. *Motor Vehicle Bd.*, 1 S.W.3d at 111.

■ Although Dr. Jernigan waited more than 600 days after receiving the reports to move for dismissal, the mere fact that a defendant waits to file a motion for dismissal under section 13.01(e) is insufficient to establish waiver unless the defendant's silence or inaction shows an intent to yield the right to dismissal based on the report's insufficiency. *See Tenneco, Inc. v. Enter. Prod. Co.*, 925 S.W.2d 640, 643 (Tex.1996) (silence or inaction may establish waiver if it is for so long a period that it shows an intent to yield the known right). At least four courts of appeals have held that because the statute does not include a deadline, a defendant does not waive the right to move for dismissal simply by waiting to file the motion. *Strom v. Mem'l Hermann Hosp. Sys.*, 110 S.W.3d 216, 227 (Tex.App.-Houston [1st Dist.] 2003, no pet. h.); *Hernandez v. Piziak*, No. 03–02–00544–CV, 2003 WL 248329, 2003 Tex.App. LEXIS 1076, at *8–10 (Tex.App.-Austin Feb.6, 2003, pet. filed) (concluding that defendant did not waive the right to challenge a report's adequacy simply by waiting 300 days to object); *Kidd v. Brenham State Sch.*, 93 S.W.3d 204, 208 (Tex.App.-Houston [14th Dist.] 2002, pet. denied) ("The statute places no deadline for a defendant's motion to dismiss; defendants apparently may wait for years, although they forfeit some of the cost-reduction protections of the statute by doing so."); *Chisholm v. Maron*, 63 S.W.3d 903, 908 (Tex.App.-Amarillo 2001, no pet.). Rather, to establish an intent to waive the right to dismissal under section 13.01(e), the defendant's silence or inaction must be inconsistent with the intent to rely upon the right to dismissal. For example, if the defendant fails to object to the report's inadequacy until after the case is disposed of on other grounds, waiver may

be implied. *See Martinez v. Lakshmikanth*, 1 S.W.3d 144 (Tex.App.-Corpus Christi 1999, pet. denied). In this case, although Dr. Jernigan had filed a motion for summary judgment on other grounds, that was not inconsistent with an intent to assert the right to dismissal under section 13.01(e). And in any event, there had been no hearing on that motion nor had a conventional trial begun when Dr. Jernigan moved for dismissal.

■ Dr. Jernigan's participation in discovery is also insufficient to establish waiver because it was not inconsistent with the intent to assert the right to dismissal. Attempting to learn more about the case in which one is a party does not demonstrate an intent to waive the right to move for dismissal under section 13.01(e), especially when, as here, most of the defendant's participation was in response to discovery initiated by the plaintiff. The court of appeals noted that Dr. Jernigan propounded interrogatories and requests for production on Langley. But even if that were inconsistent with the intent to move for dismissal based on an inadequate report, Dr. Jernigan propounded that discovery on October 21, 1998, before he had received the expert reports and thus before he would have been entitled to move for dismissal.

The court of appeals further relied on the fact that Dr. Jernigan deleted a statement in his original answer that, "By way of affirmative defense, Defendant pleads the defense of failure to follow the statutory steps to perfect a claim." But this broad statement did not necessarily refer to an alleged inadequacy of the expert report, and could have, as Dr. Jernigan asserts, referred to the failure to file presuit notice of the claim. Deleting this general, ambiguous statement was not so inconsistent with an intent to assert the

right to dismissal under section 13.01(e) as to amount to waiver of the right.

In sum, we conclude that Dr. Jernigan's actions were not so inconsistent with an intent to assert the right to dismissal under section 13.01(e) as to amount to a waiver of that right. In the court of appeals, Langley raised additional arguments regarding whether the reports were inadequate and whether the trial court should have granted an extension of time to file the third expert report. The court of appeals concluded that Dr. Jernigan waived his right to move for dismissal under section 13.01(e), and therefore did not address these issues. Because we conclude that Dr. Jernigan did not waive that right, we remand the case to that court.

Accordingly, pursuant to Texas Rule of Appellate Procedure 59.1 and without hearing oral argument, we reverse the court of appeals' judgment and remand the case to that court for further proceedings. TEX.R.APP. P. 59.1.