Reversed and Rendered and Memorandum Opinion filed March 25, 2004









Reversed and Rendered and Memorandum Opinion filed March 25, 2004.

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00250-CV

____________

 

GAIL PATE, Appellant

 

V.

 

LARRY EVERSOLE, Appellee

 



 

On Appeal from the 12th
District Court

Walker County, Texas

Trial Court Cause No. 20,544

 



 

M E M O R A N D U M   O P I N I O N

Appellant Gail Pate appeals from the trial
court=s award of
$19,131.87, plus post-judgment interest, to appellee Larry Eversole.  This case arises from a dispute concerning
the validity of a settlement agreement stipulating as to the amount of
indebtedness remaining on a previously executed promissory note.  Because all dispositive issues are clearly
settled in law, we issue this memorandum opinion. See Tex. R. App. P. 47.4.  We reverse and render judgment in favor of
appellant.








Appellant presents three issues for
review: (1) whether the trial court erred by failing to find that appellee was
equitably estopped from obtaining partial rescission of the settlement
agreement between the parties, (2) whether the trial court erred by failing to
find that appellee waived the right to assert the partial invalidity of the
settlement agreement, and (3) whether the evidence is legally and factually
sufficient to support the trial court=s finding that the
settlement agreement was signed due to duress. 
Because we find appellant=s second issue
dispositive of this appeal, we do not address her remaining issues below.

In her second issue, appellant argues that
the trial court erred by failing to find that appellee waived the right to
assert the partial invalidity of the settlement agreement.  The trial court found that the settlement
agreement was invalid because appellee signed it under duress.  Even if the trial court=s finding of
duress is correct, however, that fact alone does not render the settlement
agreement invalid.[1]

Any act based upon the recognition of the
contract as subsisting or any conduct inconsistent with an intention of
avoiding it has the effect of waiving the right of rescission. Rosenbaum v.
Texas Building & Mortgage Co., 167 S.W.2d 506, 508 (Tex. 1943).  Waiver is the intentional relinquishment of a
known right or intentional conduct inconsistent with claiming that right. Jernigan
v. Langley, 111 S.W.3d 153, 156 (Tex. 2003).  For implied waiver to be found through a
party=s actions, intent
must be clearly demonstrated by the surrounding facts and circumstances.  Id. 
Waiver is ordinarily a question of fact, but when the surrounding facts
and circumstances are undisputed, as in this case, the question becomes one of
law.  Id. at 156-57.








In the present case, the evidence is
undisputed and clearly establishes that appellee waived his right to rescind
the settlement agreement.  Appellee
testified that he executed the settlement agreement with full knowledge that he
was Agetting ripped
off,@ because the
actual amount due on the note at that time was approximately 111,000 dollars,
rather than the 125,000-dollar amount specified in the settlement
agreement.  He understood, however, that
by signing the contract he would postpone the foreclosure date and be able to
realize a profit of over 61,000 dollars. 
Following the title company=s disbursement of
funds from appellee=s sale of the property to the third party,
the note was paid off and appellee received (and did not return) a check in the
amount of his expected profit.  Appellee
thus received and accepted the benefits under the contract. See Daniel v.
Goesl, 341 S.W.2d 892, 895 (Tex. 1960). 
Therefore, we find that appellee waived his right to rescind the
settlement agreement as a matter of law.

We reverse the judgment of the trial court
and render judgment in favor of appellant.

 

 

 

 

/s/      Adele Hedges

Chief Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed March 25, 2004.

Panel
consists of Chief Justice Hedges and Justices Fowler and Guzman.











[1]  On appeal,
appellee argues that the settlement agreement did not constitute a binding
legal contract because consideration did not pass between the parties and the
note had already been paid by the title company.  We disagree. 
In exchange for his waiver of the credit and promise to pay a sum
greater than the amount of his original obligation, appellee received a promise
from appellant to postpone the foreclosure sale.  Because this agreement constitutes a
bargained-for exchange of promises, the settlement agreement does not fail for
lack of consideration. See Roark v. Stallworth Oil and Gas, Inc., 813
S.W.2d 492, 496 (Tex. 1991).  Further,
the undisputed testimony at trial was that appellant did not receive payment on
the note prior to execution of the settlement agreement despite the fact that
the title company, acting as escrow agent for appellee, had the funds on
hand.