WITHDRAWN
3/2/2005




                                                  IN THE
                                 TENTH COURT OF APPEALS
                                                                    

                                         No. 10-00-00373-CV

MARIE LANGLEY, INDIVIDUALLY
AND AS REPRESENTATIVE
OF THE ESTATE OF JOHN LANGLEY
AND MARIAH LANGLEY, A MINOR,
Appellants
v.

FLOYD E. JERNIGAN, M.D.,
Appellee
                                                                         

                                   From the 19th District Court
                                     McLennan County, Texas
                                     Trial Court # 2000-2532-1
                                                                                                                 
                     MEMORANDUM OPINION AFTER REMAND
                                                                                                                 
This medical malpractice case is on remand from the Texas Supreme Court. Appellant,
Marie Langley


 sued Providence Health Center and a group of doctors, including Appellee
Floyd E. Jernigan, after the death of her husband, John Langley. The trial court dismissed her
claims against Dr. Jernigan under former article 4590i and severed the claims from those
against all other defendants.
Langley brought this appeal, asserting in four issues why her claims should not have been
dismissed: (1) Dr. Jernigan waited too long to file his motion to dismiss; (2) the expert report
she filed was a Afair summary@ of the expert=s opinions; (3) the burden of showing a lack of
good faith rested with Dr. Jernigan and he did not meet that burden; and (4) the court
erroneously refused to allow her time to supplement the reports. We held that by waiting for
over 600 days Dr. Jernigan waived his right to object to the report. Langley v. Jernigan, 76
S.W.3d 752, 758 (Tex. App.CWaco 2002), rev=d, 111 S.W.3d 153 (Tex. 2003). Thus, we
reversed the judgment and remanded the cause for trial. Id. The Supreme Court disagreed
with our decision about waiver,


 reversed our judgment, and remanded the case to us Afor
further proceedings.@ Jernigan v. Langley, 111 S.W.3d 153, 158 (Tex. 2003). We now
consider Langley=s issues two, three, and four, noting that the Supreme Court has issued two
other opinions that largely decide these issues. Walker v. Gutierrez, 111 S.W.3d 56 (Tex.
2003); Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios, 46 S.W.3d 873 (Tex. 2001).
                                                     JOHN=S DEATH
Early on October 6, 1996, because he was experiencing stomach pain, Marie took John to
the emergency room at Providence Hospital, where he was treated and released. They
returned less than two hours later; John was in acute pain. He was admitted to the hospital,
but his condition worsened. Late that day, a gastroenterologist was consulted and emergency
surgery was performed. A second operation was performed on October 7. John died on
October 8, forty-nine hours after he first went to Providence.
                            THE REPORTS, THE MOTION, THE HEARING
Approximately forty-five days after filing suit, Marie filed two expert reportsCone by Dr.
Charles McKhann, a surgeon, and Dr. Albert Weihl, an emergency-room and family doctor;
the other by Dr. Howard Spiro, a gastroenterologist. A curriculum vitae for each expert was
also filed. Prior to her claims being dismissed, she filed a supplemental report by Dr.
McKhann.
Dr. Jernigan=s motion to dismiss asserted that Langley=s expert reports did not meet the
specificity requirements of former article 4590i.


 Langley=s response, in addition to asserting
untimeliness, asserted that the reports were adequate and alternatively asked the trial court to
consider Dr. McKhann=s supplemental report.
On July 28, 2000, the trial court held a hearing, granted Dr. Jernigan=s motion to dismiss, 
and signed the order dismissing and severing Langley=s claims. At the hearing, Dr. Jernigan=s
counsel argued, AWe=re here because they failed to meet the requirements of what the report
must contain . . . .@ At the conclusion of the hearing, the trial judge acknowledged that he was
dismissing because of the Ainadequacy of the report,@ noting the expert reports mentioned Dr.
Jernigan Ajust in passing.@
 
 
                                        ADEQUACY OF THE REPORTS
Langley=s issues were formulated prior to the Supreme Court=s decision in Am.
Transitional Care Ctrs. of Tex., Inc. v. Palacios, and because of that decision, we will
consider her second and third issues together. Palacios, 46 S.W.3d at 877-78.
Under article 4590i, a timely expert report could be challenged by a motion to dismiss. 
Chandler v. Singh, 129 S.W.3d 184, 187 (Tex. App.CTexarkana 2004, no pet. h.). The
statute directed the trial court to grant the motion if it appeared, after hearing, that the report
did not represent a good-faith effort to comply with the definition of an expert report. 
Palacios, 46 S.W.3d at 877-78. In determining whether the report represented a good-faith
effort, the trial court's inquiry was limited to the four corners of the report. See Chandler,
129 S.W.3d at 188 (citing former art. 4590i, ' 13.01(r)(6)); see also Palacios, 47 S.W.3d at
878. We review the court=s decision under that statute by an abuse-of-discretion standard. 
Palacios, 47 S.W.3d at 877.
Omission of any of the statutory elements prevents the report from being a good-faith
effort. Id. at 879. The report must meet three requirements as to each defendant: it must (1)
state an applicable standard of care, i.e., what an ordinarily prudent physician would do under
the same or similar circumstances; (2) indicate how the defendant breached the standard of
care by stating what actions taken or not taken by the defendant deviated from the standard of
care, i.e., a "fair summary" of the care which was expected, but not given; and (3) contain
information on causation. See Chandler, 129 S.W.3d at 188. A "good-faith" effort requires
that the report discuss the standard of care, breach, and causation with sufficient specificity to
inform the defendant of the conduct the plaintiff has called into question and to provide a basis
for the trial court to conclude that the claims have merit. Id. (citing Palacios, 46 S.W.3d at 875).
We have reviewed the expert reports filed on Langley=s behalf, using the standards set out
above. We conclude that the trial court acted within its discretion in determining from the four
corners of the documents that the experts did not discuss the standard of care, breach, and
causation with sufficient specificity to inform Dr. Jernigan of the conduct being called into
question. Id. We overrule issues two and three.
                                                EXTENSION OF TIME
Langley=s final issue argues that the court should have allowed her additional time to file a
new or supplemental expert report. Section 13.01 of former article 4590i provided two
methods by which a claimant could receive an extension to the 180-day deadline. Russ v. Titus
Hosp. Dist., 128 S.W.3d 332, 336 (Tex. App.CTexarkana 2004, pet. filed). Under section
13.01(f), "[t]he court may, for good cause shown after motion and hearing, extend any time
period specified in subsection (d) of this section for an additional 30 days. Only one extension
may be granted under this subsection." Id. (citing former art. 4590i, ' 13.01(f)). Under the
second method, found in section 13.01(g), if "the court finds that the failure of the claimant or
the claimant's attorney was not intentional or the result of conscious indifference but was the
result of an accident or mistake, the court shall grant a grace period of 30 days to permit the
claimant to comply with that subsection." See id. Section 13.01(g) has been interpreted to be
mandatory on a finding that the failure was a result of accident or mistake. Id. (citing Moore
v. Sutherland, 107 S.W.3d 786, 789 (Tex. App.CTexarkana 2003, pet. denied)). An
extension under section 13.01(g) could be obtained for either failure to file a report or for an
inadequate report, provided the failure was not intentional or a result of conscious
indifference. Id. (citing In re Morris, 93 S.W.3d 388, 391 (Tex. App.CAmarillo 2002, no
pet.)); see also Walker, 111 S.W.3d at 61.
We also review the decision to grant or deny the grace period of 30 days under an abuse-of-discretion standard. Russ, 128 S.W.3d at 336 (citing Walker, 111 S.W.3d at 62). 
"Accident or mistake" is the standard for a motion under section 13.01(g). Id. at 337. The
question is whether the failure to file an adequate report "was not intentional or the result of
conscious indifference but was the result of an accident or mistake." Id. at 338.
Langley=s counsel testified at the hearing that he believed that the reports were sufficient
because Dr. Jernigan was mentioned in one of the reports and the facts stated in the reports
were sufficient to point to the conduct or lack thereof that resulted in John=s death. Counsel=s
testimony is not sufficient to show that the failure to file an adequate report regarding Dr.
Jernigan was not the result of conscious indifference or intentional conduct, but a mistake. See
Walker, 111 S.W.3d at 65 (Awhen a claimant files a report that omits one or more of section
13.01(r)(6)'s required elements, a purportedly mistaken belief that the report complied with the
statute does not negate a finding of >intentional or conscious indifference=@); Hansen v. Starr,
123 S.W.3d 13, 21 (Tex. App.CDallas 2003 pet. denied). Thus, we overrule issue four.

                                                      CONCLUSION
The Supreme Court overruled Langley=s first issue. We have overruled her second, third,
and fourth issues. We affirm the judgment.
 
BILL VANCE
Justice

Before Chief Justice Gray,
Justice Vance, and
Justice Reyna
Affirmed
Opinion delivered and filed June 2, 2004

[CV06]