Becker v. State







COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS


)
IN RE:                                                                )                  No. 08-05-00407-CV
)
FRANK SHEPPARD, M.D.,                               )                 AN ORIGINAL PROCEEDING
JAIME GOMEZ, M.D., and                                )                  
EL PASO COLON AND RECTAL CLINIC,     )                             IN MANDAMUS
)
                                    Relators.                           )


OPINION ON PETITION FOR WRIT OF MANDAMUS
            Relators, Frank Sheppard, M.D., Jaime Gomez, M.D., and El Paso Colon and Rectal Clinic
seek the issuance of a writ of mandamus against the Honorable Guadalupe Rivera, Judge of the
168th District Court of El Paso County. Relators assert that dismissal is mandated because the
expert report filed by the real parties in interest did not comply with former Article 4590i, Section
13.01.


 Deborah Manghane, the real party in interest, contends, however, that Relators have an
adequate remedy by appeal, and alternatively, they waived their right to seek dismissal because they
waited more than three years before filing their motion to dismiss. Finding waiver, we deny
mandamus relief.
Factual Summary
            On December 27, 2001, Deborah Manghane filed a medical malpractice suit against Relators. 
Manghane filed the expert report required by Section 13.01 on February 14, 2002, which is within
the statutory deadlines. Relators filed their motion to dismiss on May 13, 2005, which is 1,183 days
or approximately three years and three months after the expert report was filed. In that motion, they
challenged the adequacy of the expert report. In response, Manghane filed a motion for relief under
Article 4590i, Section 13.01(g). She argued that Relators had waived their right to seek a dismissal,
that the report was adequate, and alternatively, she sought a 30-day grace period to cure any
deficiencies resulting from accident or mistake. Respondent concluded that as to Dr. Sheppard, the
expert report represented a good faith effort to comply with the requirements of Article 4590i, and
she denied the motion to dismiss. Respondent found that the expert report did not represent a good
faith effort as to Dr. Gomez, but she granted Manghane thirty days in which to furnish an expert
report which complied with Article 4590i. 
Standard of Review
            Mandamus will lie only to correct a clear abuse of discretion. Walker v. Packer, 827 S.W.2d
833, 840 (Tex. 1992)(orig. proceeding). Moreover, there must be no other adequate remedy at law. 
Id. Although mandamus is not an equitable remedy, it is largely governed by equitable principles. 
Rivercenter Associates v. Rivera, 858 S.W.2d 366, 367 (Tex. 1993).
Article 4590i
            Former Article 4590i, Section 13.01(e) provides that if a claimant has failed to comply with
the requirement in subsection (d) to produce an expert report within the time required, on motion of
the defendant physician or health care provider, the court shall enter an order awarding as sanctions
against the claimant the dismissal of the action of the claimant against that defendant with prejudice
to the claim’s refiling. Tex.Rev.Civ.Stat.Ann. art. 4590i, § 13.01(e). Under the statute’s plain
language, dismissal is mandatory if it appears to the court, after hearing, that the report does not
represent a good faith effort to comply with the definition of an expert report in Section 13.01(r)(6). 
 Id. § 13.01(l ); American Transitional Care Centers of Texas, Inc. v. Palacios, 46 S.W.3d 873,
878-79 (Tex. 2001). A claimant may move for a thirty-day grace period by filing a motion before
any hearing on a defendant’s motion to dismiss with prejudice under Subsection (e). 
Tex.Rev.Civ.Stat.Ann. art. 4590i, § 13.01(g). If the court finds, after a hearing upon the
claimant’s motion, that the failure of the claimant or the claimant’s attorney was not intentional or
the result of conscious indifference but was the result of an accident or mistake, the court must grant
a grace period of thirty days to allow the claimant to comply. Id.; Walker v. Gutierrez, 111 S.W.3d
56, 62 (Tex. 2003).
Waiver
            Manghane asserts that mandamus relief should be denied because Relators waived their right
to seek a dismissal. Waiver is defined as an intentional relinquishment of a known right or
intentional conduct inconsistent with claiming that right. Jernigan v. Langley, 111 S.W.3d 153, 156
(Tex. 2004). Waiver is largely a matter of intent, and for implied waiver to be found through a
party’s actions, intent must be clearly demonstrated by the surrounding facts and circumstances. 
Id. There can be no waiver of a right if the person sought to be charged with waiver says or does
nothing inconsistent with an intent to rely upon such right. Id. Waiver is ordinarily a question of
fact, but when the surrounding facts and circumstances are undisputed, the question becomes one
of law. Id. at 156-57.
            Section 13.01 imposes a deadline on the claimant to file an expert report, but it does not
impose a deadline for a healthcare provider to file a motion to dismiss under Section 13.01(e).


 In
Jernigan v. Langley, the Supreme Court held that the mere fact that a defendant waits to file a
motion for dismissal under Section 13.01(e) is insufficient to establish waiver unless the defendant’s
silence or inaction shows an intent to yield the right to dismissal based on the report’s insufficiency. 
Id. at 157. Thus, Dr. Jernigan’s delay of more than 600 days did not establish waiver. The Supreme 
Court also found Dr. Jernigan’s participation in discovery was insufficient to establish waiver
because attempting to learn more about the case in which one is a party does not demonstrate an
intent to waive the right to move for dismissal under Section 13.01(e). Id. The Court noted that
most of Dr. Jernigan’s participation was in response to discovery initiated by the plaintiff and the
discovery that he initiated occurred before he had received the expert reports. Id. Dr. Jernigan had
also amended his answer to delete the following statement: “By way of affirmative defense,
Defendant pleads the defense of failure to follow the statutory steps to perfect a claim.” Id. The
opinion concluded that this broad statement did not necessarily refer to an alleged inadequacy of the
expert report and could have referred to the failure to file pre-suit notice of the claim. Id. at 158. 
Thus, the Court reasoned that deleting it was not inconsistent with an intent to assert the right to
dismissal under Section 13.01(e).
            Manghane contends that the facts of this case go beyond those presented in Jernigan and
establish a waiver on the part of Relators to seek dismissal under Section 13.01(e). As we have
already stated, Relators waited 1,183 days, or nearly twice the length of delay involved in Jernigan,
before filing their motion to dismiss. But, Jernigan makes it clear that mere delay is insufficient to
establish waiver unless the defendant’s silence or inaction shows an intent to yield the right to
dismissal based on the report’s insufficiency.
            Manghane also relies on Relators’ extensive participation in discovery, and they cite the
following facts in support of their argument:
1. Relators sent their own discovery requests to Manghane two weeks after they
received the expert report;
 
2. Relators designated their own experts;
 
3. Relators deposed Manghane;
 
4. Manghane deposed both Relators; 
 
5. Relators deposed Manghane’s retained experts after the motion to dismiss was
filed but before it was heard; and
 
6. Relators permitted their expert in South Carolina to be deposed after the motion
to dismiss was filed but before it was heard.

Relators’ participation in discovery is more extensive than that of the health care provider in
Jernigan, and it was not merely in response to discovery initiated by the plaintiff. While we keep
in mind Jernigan’s holding that attempting to learn more about the case in which one is a party does
not demonstrate an intent to waive the right to move for dismissal under Section 13.01(e), Relators
did far more than merely attempt to learn more about the facts of the case. Relators completed
discovery and announced ready for trial. In the context of this particular case, we believe this is 
inconsistent with an intent to rely upon the right to seek a dismissal.
            Accordingly, we deny mandamus relief.



March 30, 2006                                                           
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Barajas, C.J., McClure, and Chew, JJ.