**Opinion issued June 12, 2014**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-13-00974-CV

_____

**THERESIA RIGGS, Appellant**

**V.**

**JOSEPH MICHAEL PERLMAN, M.D., Appellee**

---

**On Appeal from the 215th District Court**
**Harris County, Texas**
**Trial Court Case No. 2013-25072**

---

**MEMORANDUM OPINION**

Appellant Theresia Riggs sued Joseph Michael Perlman, M.D. and United Surgical Partners International d/b/a Tops Surgical Specialty Hospital for medical malpractice. In this appeal, Riggs challenges the trial court's dismissal of her cause

of action against Perlman due to her failure to serve an expert report in compliance with statute. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a) (West Supp. 2013). In particular, she appeals from the trial court's October 14, 2003 "Order of Dismissal with Prejudice," which dismissed only her causes of action against Perlman, did not dispose of all parties and claims, and did not purport to be a final judgment. No order of severance appears in the record. Accordingly, this is an interlocutory order. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) ("A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record, except as necessary to carry out the decree.").

Generally, appeals may be taken only from final judgments. *Id.* Interlocutory orders may be appealed only if authorized by statute. *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001). The Texas Civil Practice & Remedies Code authorizes an interlocutory appeal from an order that denies a physician's motion to dismiss based on a medical-malpractice plaintiff's failure to serve an expert report within the statutory time frame. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(9) (West Supp. 2013); *see also id.* § 74.351. It also authorizes an interlocutory appeal from an order that grants a motion challenging the adequacy of an expert report. *See id.* § 51.014(a)(10); *see also id.* § 74.351(l). The order that Riggs challenges on appeal is one granting a physician-defendant's motion to

2

dismiss based on her failure to serve an expert report. As such, this interlocutory appeal is not authorized by statute. *See id.* § 51.014.

We raised this jurisdictional issue and ordered Riggs to provide the court with a basis for us to exercise jurisdiction over this appeal. In response, Riggs argued that her appeal was like an interlocutory appeal from the grant or denial of a special appearance under section 51.014(a)(7). *See id.* She argued that service of an expert report in a health care liability claim must comply with Texas Rule of Civil Procedure 21a and that her appeal is from the trial court's "finding that jurisdiction over the claim did not exist because there was no personal jurisdiction over the defendant Dr. Perlman for allegedly failing to 'serve' the report on him." Resp. to Jurisdictional Question Raised by the Ct. 3. But Perlman did not file a special appearance: he challenged compliance with the mandatory, statutory duty to serve him with an expert report. Moreover, the mandatory, statutory duty to serve a defendant with an expert report in compliance with the statute is not jurisdictional. *See Crosstex Energy Servs., L.P. v. Pro Plus, Inc.*, No. 12-0251, 2014 WL 1258307, at *6, 8 (Tex. Mar. 28, 2014) (discussing *Jernigan v. Langley*, 111 S.W.3d 153, 156–58 (Tex. 2003), and holding that it "clearly implies that the expert report requirement is not jurisdictional"). Therefore, we hold that this is not an appeal from an interlocutory order granting or denying a special appearance.

3

Rather, we conclude that the appealed order is an interlocutory order from which no statutory right to interlocutory appeal lies, and we hold that we lack jurisdiction over this appeal.

## Conclusion

We dismiss this appeal for want of jurisdiction.



Michael Massengale
Justice

Panel consists of Chief Justice Radack and Justices Massengale and Huddle.