COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| | § | |
| IN RE: VERONICA CHAVEZ VARA, | § | No. 08-23-00064-CV |
| Relator. | § | AN ORIGINAL PROCEEDING |
| | § | IN MANDAMUS |
| | § | |

## **O P I N I O N**

Relator, Veronica Chavez Vara, has filed a petition for mandamus against the Honorable Guadalupe Rivera, presiding in the 388th District Court of El Paso, County, Texas, seeking to require the trial court to modify the amount of medical support, specify that Mark Vara pay all child and medical support to the Texas State Disbursement Unit, and issue an order of income withholding for child support. The petition for writ of mandamus is denied.

This is Relator's second petition for mandamus. On February 8, 2023, this Court issued an opinion denying her original petition. Relator request the same relief in her current petition. Mandamus relief is generally appropriate only to compel the performance of a ministerial duty or when a relator has no adequate appellate remedy for the trial court's clear abuse of discretion. *See In re Auburn Creek Ltd. P'Ship*, 655 S.W. 3d 837, 840 (Tex. 2022) (orig. proceeding) (per curiam) (abuse of discretion without adequate appellate remedy); *In re Phillips*, 496 S.W.3d 769, 774 (Tex.

2016) (orig. proceeding) (ministerial duty); *In re UpCurve Energy Partners, LLC*, 632 S.W.3d 254, 256 (Tex. App.—El Paso 2021, orig. proceeding). The burden is on the relator to show it is entitled to mandamus relief. *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *In re UpCurve Energy Partners*, 632 S.W.3d at 256.

In her petition, Relator admits that she voluntarily dismissed her appeal of the Order from which she now seeks relief. We conclude that by voluntarily dismissing her original appeal, Relator waived her right to review of the Order and cannot seek mandamus relief. Waiver is an intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right. *See Jernigan v. Langley*, 111 S.W.3d 153, 156 (Tex. 2003) (per curiam). Our Court has on one other occasion denied mandamus relief on the basis of waiver when a relator waived their right to seek a statutory dismissal before trial on the merits. *See generally In re Sheppard*, 197, S.W.3d 798 (Tex. App.—El Paso 2006) (orig. proceeding) (participation in discovery and announcing ready for trial prevented relator from seeking a mandamus to have the trial court dismiss the suit with prejudice as mandated by statute).

## CONCLUSION

After reviewing the mandamus petition and record, we conclude that Relator has failed to show that she is entitled to mandamus relief. Accordingly, we deny the petition for writ of mandamus.

YVONNE T. RODRIGUEZ, Chief Justice

March 2, 2023

Before Rodriguez, C.J., Soto, J., and Marion, C.J. (Ret.)
Marion, C.J. (Ret.) (Sitting by Assignment).