

# NUMBER 13-23-00353-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

MED CARE EMERGENCY
MEDICAL SERVICES, INC.,
ERICKA GUTIERREZ, AND
RAMIRO MENDOZA,                                                    Appellants,

v.

JIMMY RINCON,                                                        Appellee.

---

### On appeal from the County Court at Law No. 9
### of Hidalgo County, Texas.

---

# MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Benavides and Tijerina
### Memorandum Opinion by Justice Benavides

This is an interlocutory appeal from the trial court's denial of appellants Med Care

Emergency Medical Services, Inc., Ericka Gutierrez, and Ramiro Mendoza's (collectively,

Med Care) motion to dismiss appellee Jimmy Rincon's healthcare liability claims. By two

issues that we interpret as one, Med Care contends that the trial court abused its discretion by denying its motion to dismiss because Rincon failed to serve an expert report within 120 days of Med Care filing its answer. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a). We reverse and remand.

## I.   BACKGROUND

On July 6, 2020, Rincon filed an original petition against Med Care, alleging that Med Care's employees, Gutierrez and Mendoza, were negligent in caring for Rincon while he was placed on a gurney. This negligence allegedly resulted in Rincon sustaining injuries. In his petition, Rincon also requested the initial disclosures required by Texas Rule of Civil Procedure 193.2. *See* TEX. R. CIV. P. 193.2.

On July 28, 2020, Med Care filed its answer. On November 29, 2021, Med Care filed a motion to dismiss, arguing that Rincon failed to comply with § 74.351(a)'s expert report requirement. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a) (requiring the plaintiff in a healthcare liability claim to serve on the defendant an expert report within 120 days of the filing of the defendant's answer). Rincon responded on January 5, 2022, arguing that Med Care had waived its procedural right to dismissal. As support for his position, Rincon pointed to: (1) the delay in filing the motion to dismiss; and (2) Med Care's participation in discovery by propounding interrogatories, making a request for production, and providing written discovery. Attached to Rincon's response were Med Care's interrogatories and request for production, which were dated September 16, 2020.

A hearing was initially set on Med Care's motion for June 8, 2022, but the parties

2

agreed to reset it to June 29, 2022. On June 24, 2022, Med Care filed a reply arguing that it waited to file a motion to dismiss because of the supreme court's emergency orders, which permitted the trial court to extend certain deadlines. *See Fortieth Emergency Order Regarding the COVID-19 State of Disaster*, 629 S.W.3d 911, 912 (Tex. 2021). On June 28, 2022, the parties again agreed to reset the hearing on Med Care's motion to dismiss, and it was later reset for July 27, 2022. No additional reset order appears in the record. However, a transcript from the trial court's August 3, 2022 hearing on Med Care's motion to dismiss is included in the record. At the conclusion of the hearing, the trial court took Med Care's motion under advisement.

Med Care filed additional authority on August 8, 2022. And Rincon later filed additional exhibits demonstrating Med Care's participation in discovery. On June 5, 2023, Med Care filed a motion for a status hearing. The trial court denied Med Care's motion to dismiss on July 17, 2023. This interlocutory appeal followed. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(9).

## II.    DENIAL OF MOTION TO DISMISS

Med Care argues that the trial court abused its discretion by denying its motion to dismiss because Rincon failed to serve an expert report within 120 days. Rincon asserts that Med Care waived its procedural right to dismissal.

## A.    Standard of Review & Applicable Law

Under the Texas Medical Liability Act (TMLA), a claimant must serve an expert report on the defendant health care provider within 120 days of the filing of the defendant's

3

answer, unless the parties otherwise agree in writing to extend the deadline. *Id.* § 74.351(a). "Strict compliance with th[is] provision is mandatory." *Zanchi v. Lane*, 408 S.W.3d 373, 376 (Tex. 2013). If this "statute-of-limitations-type deadline" is not met, the court, upon motion by the defendant health care provider, must dismiss the claim with prejudice and award the health care provider reasonable attorney's fees and court costs. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(b); *Ogletree v. Matthews*, 262 S.W.3d 316, 319–20 (Tex. 2007).

Waiver is a question of law that we review de novo. *Certain Underwriters at Lloyd's of London v. Mayse & Assocs.*, 635 S.W.3d 276, (Tex. App.—Corpus Christi–Edinburg 2021, pet. denied). "[T]he universal test for implied waiver by litigation conduct is whether the party's conduct—action or inaction—clearly demonstrates the party's intent to relinquish, abandon, or waive the right at issue—whether the right originates in a contract, statute, or the constitution." *LaLonde v. Gosnell*, 593 S.W.3d 212, 219–20 (Tex. 2019). "This is a high standard." *Id.* at 220. "In determining whether a party's conduct clearly demonstrates an intent to waive a right, courts must consider the totality of the circumstances." *Id.* "This is a 'case-by-case' approach that necessitates consideration of all the facts and circumstances attending a particular case." *Id.*

**B.    Analysis**

**1.    Discovery Participation**

"One factor [in determining waiver] is whether and to what extent the defendant has participated in pretrial discovery." *Id.* at 223. "If all the defendant does is parry a

4

plaintiff's attacks or attempt to learn more about the case to determine eligibility for dismissal, engaging in such discovery has little bearing on the defendant's intent to waive the right." *Id.* at 223–24 (footnotes omitted).

Med Care's discovery participation is not inconsistent with the intent to assert its right to dismissal. Rincon's expert report was due on November 25, 2020, 120 days after Med Care filed its answer. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a). Med Care served interrogatories and a request for production on Rincon on September 16, 2020, prior to the expiration of the expert report deadline. Med Care had no way of knowing on September 16, 2020, that Rincon would fail to meet this mandatory deadline. *See Jernigan v. Langley*, 111 S.W.3d 153, 157 (Tex. 2003) (per curiam) (finding no waiver where the defendant sought discovery "before he had received the expert reports and thus before he would have been entitled to move for dismissal").

The rest of the discovery conducted consisted of Med Care's responses to Rincon's requests, and its attempts to supplement those responses. *See LaLonde*, 593 S.W.3d at 223–24. Rincon argues that Med Care "kept litigating by supplementing their discovery responses 216 days after they had an absolute right to dismiss their case. . . . This supplementation included, among other things, all of the medical records and medical billing obtained from various medical providers who provided medical treatment for Rincon's injuries . . . ." But Med Care was required to provide this information, regardless of whether a motion to dismiss had been filed and regardless of whether Rincon had even requested it. *See* TEX. R. CIV. P. 194.2(b)(10) (requiring parties

to produce "all medical records and bills that are reasonably related to the injuries or damages asserted" "[w]ithout awaiting a discovery request"); *id.* R. 193.5(a) ("If a party learns that the party's response to written discovery was incomplete or incorrect when made, . . . the party must amend or supplement the response . . . ."); TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(s) (providing that, until an expert report is served, "all discovery in a health care liability claim is stayed *except* for the acquisition by the claimant of information, including *medical or hospital records* or other documents or tangible things, *related to the patient's health care*" (emphasis added)). We cannot fault Med Care for complying with its discovery obligations.

We conclude that this factor does not indicate that Med Care clearly intended to waive its procedural right to dismissal.

### 2. Stage of Litigation & Elapsed Time

"Another factor to consider is the point in the litigation process that the defendant first attempts to seek dismissal." *LaLonde*, 593 S.W.3d at 224. "[T]he more developed a case is, and the closer it is to trial, the stronger the implication becomes that the defendant intended" to waive its right to dismissal. *Id.* "The time elapsed in the litigation should also be taken into consideration. . . . [E]very day a defendant has an absolute procedural right to dismissal yet does not exercise it is another small but cumulative indication of the defendant's intent to waive that right." *Id.* at 224–25.

Here, there is no indication that the case was ever set for trial, or even a pre-trial hearing. There is no scheduling order in the record. In fact, aside from Rincon's petition,

6

Med Care's answer, the discovery we have mentioned, and an order transferring the case between courts, every other pleading in the small record before us relates to Med Care's motion to dismiss.

Rincon points to the fact that 369 days elapsed between the expiration of the expert report deadline and when Med Care filed its motion to dismiss. *See id.* at 228 ("Even without a deadline for asserting the right at issue, a significant delay can suffice to establish waiver."). We note that in *Jernigan*, the physician waited "over 600 days after receiving the [expert] reports to object." 111 S.W.3d 153, 156 (Tex. 2003). But the supreme court nonetheless found that the physician "did not waive the right to dismissal." *Id.*

Med Care explains that its delay was due primarily to the Texas Supreme Court's COVID-19 emergency orders, which gave the trial court broad discretion to extend the expert report deadline. *See Fortieth Emergency Order Regarding the COVID-19 State of Disaster*, 629 S.W.3d at 912. Several intermediate courts of appeals have concluded that the supreme court's COVID-19 emergency orders operated to extend § 74.351(a)'s expert report deadline. *Ajao v. Hall*, 654 S.W.3d 22, 28 (Tex. App.—Houston [14th Dist.] 2022, no pet.); *Kim v. Ramos*, 632 S.W.3d 258, 270 (Tex. App.—Houston [1st Dist.] 2021, no pet.); *see also Hogue v. Steward*, No. 11-21-00124-CV, 2022 WL 16640834, at *5 (Tex. App.—Eastland Nov. 3, 2022, no pet.) (mem. op.). Moreover, Rincon conceded below at the August 3, 2022 hearing that, had Med Care filed a motion to dismiss on the day immediately after the expert report deadline lapsed, he would have sought an

extension of the deadline pursuant to these emergency orders.[1]

Rincon contends that because he never filed a motion to extend the expert report deadline prior to it lapsing, the trial court would not have been able to extend the deadline once it had lapsed, and therefore, Med Care had an absolute right to dismissal on November 25, 2020. However, this Court has concluded that a trial court could retroactively extend the expert report deadline pursuant to the supreme court's COVID-19 emergency orders, even if a motion to extend that deadline was not filed until after the deadline had lapsed. *See Miller v. Castleman*, No. 13-21-00334-CV, 2022 WL 16642121, at *4 (Tex. App.—Corpus Christi–Edinburg Nov. 3, 2022, no pet.) (mem. op.) ("The emergency order does not specify that the issue of an extension must be brought before the court or ruled on by the court prior to the deadline lapsing."); *see also Pepper v. Wilson*, No. 02-22-00107-CV, 2023 WL 2534626, at *8 (Tex. App.—Fort Worth Mar. 16, 2023, pet. denied) (mem. op.) ("We agree with *Miller* that the terms of the Fortieth Emergency Order do not limit the trial court's ability to modify or suspend deadlines to only deadlines that have not passed.").

The provision of the supreme court's COVID-19 emergency orders that permitted trial courts to extend the expert report deadline expired on October 1, 2021. *See Fortieth Emergency Order Regarding the COVID-19 State of Disaster*, 629 S.W.3d at 912. Med Care filed its motion to dismiss approximately two months later, on November 29, 2021.

---

[1] Specifically, counsel for Rincon stated, "We would have objected to that on day 121 and said, No, Judge, listen. We would like you to consider the fact that the Supreme Court has allowed you in your discretion to extend these deadlines . . . ."

8

We conclude that the stage of litigation and the amount of elapsed time do not clearly indicate that Med Care intended to waive its procedural right to dismissal. *See LaLonde*, 593 S.W.3d at 224.

### 3. Seeking Affirmative Relief & Alternative Dispute Resolution

"Seeking and obtaining affirmative relief from the trial court . . . eschews the discretion-based remedy that arises from a procedural defect in favor of substantive relief on the merits." *Id.* at 225. Here, Med Care filed a demand for a jury trial with its answer. But again, this was done prior to the expert report deadline lapsing, so it does not demonstrate that Med Care intended to waive its right to dismissal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a); *Jernigan*, 111 S.W.3d at 157. Apart from this, there is no indication in the record that Med Care sought any affirmative relief, other than attorney's fees in conjunction with its motion to dismiss. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(b).

Additionally, "[w]hether the defendant participated in mediation is also a factor, but it may be of limited value." *LaLonde*, 593 S.W.3d at 225. Here, there is no dispute that the parties have not engaged in mediation or settlement negotiations. Therefore, we conclude that neither factor clearly indicates Med Care intended to waive its right to dismissal.

### 4. Totality of the Circumstances

Based on the totality of the circumstances, we conclude that Med Care's conduct does not clearly demonstrate its intent to waive the right to dismissal. *See id.* at 220.

Rincon does not dispute that he has not served an expert report on Med Care. Accordingly, Med Care's motion to dismiss should have been granted. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a), (b). We sustain Med Care's sole issue on appeal.

### III. CONCLUSION

We reverse the trial court's judgment and remand with instructions for the trial court to enter an order that: (1) dismisses Rincon's claims with prejudice; and (2) awards Med Care its reasonable attorney's fees and costs of court. *See id.*

GINA M. BENAVIDES
Justice

Delivered and filed on the
29th day of February, 2024.