# NO. 12-15-00201-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *OLIVER LANE CHAMBERS,* | § | *APPEAL FROM THE 273RD* |
| *DONNA KAY CHAMBERS-JONES,* | | |
| *RHONDA THOMPSON,* | | |
| *CLINTON L. CHAMBERS AND WIFE,* | | |
| *BRANDI N. CHAMBERS,* | | |
| *APPELLANTS* | | |
| | § | *JUDICIAL DISTRICT COURT* |
| *V.* | | |
| *SAN AUGUSTINE COUNTY* | | |
| *APPRAISAL DISTRICT,* | | |
| *APPELLEE* | § | *SAN AUGUSTINE COUNTY, TEXAS* |

## *OPINION*

San Augustine Central Appraisal District filed a motion for rehearing of our January 18, 2017 opinion. We overrule the motion for rehearing, withdraw our opinion and judgment of January 18, 2017, and substitute the following opinion and corresponding judgment in their place.

This case concerns the effect of mineral interest pooling on the lessor's tax liability. Oliver Lane Chambers, Donna Kay Chambers-Jones, Rhonda Thompson, Clinton L. Chambers, and Brandi N. Chambers appeal from an adverse summary judgment rendered in favor of San Augustine Central Appraisal District (SCAD)[1] in this ad valorem tax dispute. In two issues, Appellants contend the trial court erred in granting judgment in favor of SCAD because SCAD has no authority to tax their mineral interest. We reverse and remand.

---

[1] Appellants misnamed SCAD in their petition, calling it "San Augustine County Appraisal District," but the correct defendant is involved. *See Reddy P'ship/5900 N. Freeway L.P. v. Harris Cty. Appraisal Dist.*, 370 S.W.3d 373, 376 (Tex. 2012) (per curiam). SCAD did not move to correct the error and is bound by the judgment. *See Charles Brown, L.L.P. v. Lanier Worldwide, Inc*., 124 S.W.3d 883, 895 (Tex. App.–Houston [14th Dist.] 2004, no pet.).

## BACKGROUND

Appellants own 652 acres of land in Shelby County, Texas. In 2007, they entered into oil and gas leases with Hunt Petroleum Corporation, which was later acquired by XTO Energy, Inc. In 2010, their interest under the leases was included in two production units which also contained interests in land located in San Augustine County, Texas. In 2013, SCAD sent Appellants a notice of appraised value for that year. The notice referenced their fractional royalty interests in the two units and stated the "Owner's Proposed Tax Estimate." Because their land is located in Shelby County, Appellants filed a notice of protest with the Appraisal Review Board for San Augustine County asserting that the property should not be taxed in San Augustine County. The review board declined to change the appraisal records concerning the property.

Appellants sought judicial review of the appraisal review board's determination. They contended that the mineral interest they own is located in Shelby County and properly appraised and taxed in Shelby County. They requested the trial court to order SCAD to remove their mineral interest from its appraisal roll.

SCAD moved for summary judgment claiming entitlement to judgment as a matter of law based on the fact that Appellants had pooled their mineral interest with other mineral owners and a portion of the unit is in San Augustine County. It argued that Appellants have "cross-conveyed their mineral interests with other mineral owners, and [are] appropriately taxed in both San Augustine and Shelby counties in proportion to the percentage of the unit lying within each county." In support of the motion, SCAD relied on the well location plat and the "Unit Designation." SCAD argued that, because Appellants unitized their mineral interest with other mineral interests lying within the boundaries of San Augustine County, Appellants must pay taxes on mineral interests within the unit to the extent they lie within the boundaries of San Augustine County.

The trial court granted SCAD's motion, and this appeal ensued.

## CROSS-CONVEYANCE

In their first issue, Appellants assert that the trial court erred in granting summary judgment in favor of SCAD. While they admit that their mineral interest was pooled and unitized into two units that contain interests in San Augustine County, they assert that their leases expressly prevented cross-conveyance of any interest. In their second issue, they contend

2

that a royalty interest, an interest in real property, is taxable by a taxing unit if it is located in its jurisdictional limits. Because their mineral interest is located exclusively in Shelby County, their argument continues, SCAD has no authority to tax their interest.

**Standard of Review**

We review the trial court's decision to grant summary judgment de novo. ***Tex. Mun. Power Agency v. Pub. Util. Comm'n***, 253 S.W.3d 184, 192 (Tex. 2007). A party moving for traditional summary judgment bears the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). A defendant who conclusively negates at least one of the essential elements of the cause of action or conclusively establishes an affirmative defense is entitled to summary judgment. ***Frost Nat'l Bank v. Fernandez***, 315 S.W.3d 494, 508 (Tex. 2010). Once the defendant establishes its right to summary judgment as a matter of law, the burden shifts to the plaintiff to present evidence raising a genuine issue of material fact. ***Simulis, L.L.C. v. Gen. Elec. Capital Corp.***, 439 S.W.3d 571, 575 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

**Applicable Law**

The Texas Constitution provides that all property shall be assessed for taxation and the taxes paid in the county where the property is situated. TEX. CONST. art. VIII, § 11. Real property is taxable by a taxing unit if located in the unit on January 1. TEX. TAX CODE ANN. § 21.01 (West 2015). To collect taxes, an appraisal district must show that the property it seeks to assess has a taxable situs within the limits of its boundaries. ***Oake v. Collin Cty.***, 692 S.W.2d 454, 455 (Tex. 1985). Otherwise, the appraisal district has no authority to incorporate the realty into its assessment. ***Devon Energy Prod., L.P. v. Hockley Cty. Appraisal Dist.***, 178 S.W.3d 879, 883 (Tex. App.−Amarillo 2005, pet. denied). The boundaries of an appraisal district are the same as the boundaries of the county. TEX. TAX CODE ANN. § 6.02(a) (West 2015).

An oil and gas lease is a conveyance of an interest in real property. ***W.T. Waggoner Estate v. Sigler Oil Co.***, 19 S.W.2d 27, 28-29 (Tex. 1929). The mineral estate may be severed from the surface estate by grant in a lease. ***Pounds v. Jurgens***, 296 S.W.3d 100, 107 (Tex. App.−Houston [14th Dist.] 2009, pet. denied). Pooling allows a lessee to join land from two or more leases into a single unit. ***Browning Oil Co. v. Luecke***, 38 S.W.3d 625, 634 (Tex. App.−Austin 2000, pet. denied) (op. on reh'g). Ordinarily, all participants to a pooling agreement cross-convey to one another an interest in the minerals subject to the agreement.

3

*Montgomery v. Rittersbacher*, 424 S.W.2d 210, 213 (Tex. 1968); *Southland Royalty Co. v. Humble Oil & Ref. Co.*, 249 S.W.2d 914, 916 (Tex. 1952). Through cross-conveyance, all the parties subject to a pooling agreement own an undivided interest in the pooled mineral interests in proportion to their contribution to the unitized tract. *Montgomery*, 424 S.W.2d at 213. Production anywhere on a pooled unit is treated as production on every tract in the unit. *Hooks v. Samson Lone Star, Ltd. P'ship*, 457 S.W.3d 52, 62 (Tex. 2015). Thus, all royalty interest owners in the land subject to the lease share in production no matter where the well is drilled on the leasehold. *London v. Merriman*, 756 S.W.2d 736, 739 (Tex. App.−Corpus Christi 1988, writ denied). The lessor's royalty interest under a lease providing that lessor will have a fractional portion of the minerals produced is considered an interest in real property and is taxable as such. *Pounds*, 296 S.W.3d at 107; *Sheffield v. Hogg*, 77 S.W.2d 1021, 1030 (Tex. 1934).

Oil and gas leases in general, and pooling clauses in particular, are a matter of contract. *Wagner & Brown, Ltd. v. Sheppard*, 282 S.W.3d 419, 424 (Tex. 2008). Construing an unambiguous oil and gas lease presents a question of law for the court. *Anadarko Petroleum Corp. v. Thompson*, 94 S.W.3d 550, 554 (Tex. 2002). We seek the intention of the parties as it is expressed in the lease. *Heritage Res., Inc. v. NationsBank*, 939 S.W.2d 118, 121 (Tex. 1996). We attempt to harmonize all contractual provisions by analyzing the provisions with reference to the whole agreement. *Hooks*, 457 S.W.3d at 63.

## Analysis

There is no dispute that Appellants' land lies in Shelby County. At issue is the legal effect of the inclusion of their land, together with property lying in San Augustine County, in pooled units. Appellants assert that pooling must comply with the express conditions found in the leases. They argue that the contract language in their leases authorized pooling, but limited the effect. Specifically, they assert that their leases prevent cross-conveyance. They rely on the following sentence in their lease agreements:

> The formation of any unit hereunder which includes land not covered by this lease shall not have the effect of exchanging or transferring any interest under this lease (including, without limitation, any shut-in royalty which may become payable under this lease) between parties owning interests in land covered by this lease and parties owning interests in land not covered by this lease.

4

Furthermore, both unit designations provide that the lessee pools the leases "under and by virtue of the power and authority conferred and granted by the provisions of Said Leases. . . ."

In the absence of express agreements to the contrary, participants to a pooling agreement cross-convey to one another an interest in minerals subject to the agreement. *Montgomery*, 424 S.W.2d at 213; *Southland Royalty Co.*, 249 S.W.2d at 916. Parties may include language in their lease to avoid cross-conveyance of interests. *See Sheppard*, 282 S.W.3d at 422 (interpreting lease that included the statement that "[p]ooling hereunder shall not constitute a cross-conveyance of interests"); *Southland Royalty Co.*, 249 S.W.2d at 916-17 (identifying the legal consequences of a unitized lease that occur in the absence of express agreements to the contrary); *Puckett v. First City Nat'l Bank of Midland*, 702 S.W.2d 232, 237 (Tex. App.−Eastland 1985, writ ref'd n.r.e.) (holding language in the lease showed "an intent not to effect a cross conveyance as to payments of royalty"); *see also* 6 HOWARD R. WILLIAMS & CHARLES J. MEYERS, OIL AND GAS LAW § 921.6 at 421 (Patrick H. Martin & Bruce M. Kramer, eds., 1997) (providing representative examples of provisions in pooling and unitization agreements designed to negate any cross-conveyance). Accordingly, whether pooling resulted in cross-conveyance, and whether the minerals SCAD seeks to tax lie within or outside the boundaries of San Augustine County, depends on construction of the language in the leases.

It is undisputed that the units include land not covered by Appellants' leases. Appellants' leases specified that such units "shall not have the effect of exchanging or transferring any interest under" the leases. Therefore, we look to the meaning of those terms. "Exchange" is the act of transferring interests, each in consideration for the other. *Exchange*, BLACK'S LAW DICTIONARY (10th ed. 2014). A "transfer" is any mode of disposing of an interest in an asset, or a conveyance of property or title from one person to another. *Transfer*, BLACK'S LAW DICTIONARY (10th ed. 2014). We compare the "exchanging or transferring" language of the leases with the ordinary meaning attributed to cross-convey. "Convey" means to transfer or deliver to another or to perform an act intended to create a property interest. *Convey*, BLACK'S LAW DICTIONARY (10th ed. 2014). Through cross-conveyance, parties to a pooling agreement own an undivided interest in the pooled mineral interests, and they are taxed on that interest. *See Montgomery*, 424 S.W.2d at 213; *Pounds*, 296 S.W.3d at 107. Lease language specifying that the formation of a unit including land not covered by the lease shall *not* have the effect of exchanging or transferring any interest under the lease is a specific rejection of the cross-

conveyance of interests.  *See **Hager v. Stakes***, 294 S.W. 835, 841 (Tex. 1927) (held that where there is a specific negation of intention to convey a certain part, it will be taken as excepted from the grant).

Giving effect to all language of Appellants' leases, we conclude, as a matter of law, that the leases authorize pooling but prohibit cross-conveyance of interests.  *See **Hooks***, 457 S.W.3d at 63.  Accordingly, SCAD failed to establish that Appellants owned an interest in pooled minerals located in San Augustine County, and thus had an obligation to pay taxes in that county.  *See **Oake***, 692 S.W.2d at 455.  Because SCAD did not prove entitlement to judgment as a matter of law, the trial court erred in granting SCAD's motion for summary judgment.  *See* TEX. R. CIV. P. 166a(c).  We sustain Appellants' first and second issues.

## DISPOSITION

We ***reverse*** the trial court's judgment and ***remand*** the cause to the trial court for further proceedings in accordance with this opinion.[2]

**BRIAN HOYLE**
Justice

Opinion delivered February 8, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

---

[2] When, as here, only one party moves for summary judgment and an appellate court reverses that summary judgment, the case must be remanded to the trial court.  *See **Herald-Post Publ'g Co. v. Hill***, 891 S.W.2d 638, 640 (Tex. 1994) (per curiam).



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**FEBRUARY 8, 2017**

**NO. 12-15-00201-CV**

**OLIVER LANE CHAMBERS, DONNA KAY CHAMBERS-JONES, RHONDA THOMPSON, CLINTON L. CHAMBERS AND WIFE, BRANDI N. CHAMBERS,**
Appellants
V.
**SAN AUGUSTINE COUNTY APPRAISAL DISTRICT,**
Appellee

Appeal from the 273rd District Court

of San Augustine County, Texas (Tr.Ct.No. CV-13-9481)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was error in the judgment of the trial court below.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's judgment be **reversed** and the cause **remanded** to the trial court for further proceedings in accordance with this court's opinion.

It is FURTHER ORDERED that all costs of this appeal are hereby adjudged against Appellee **SAN AUGUSTINE COUNTY APPRAISAL DISTRICT,** for which let execution issue; and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*