# NO. 12-20-00128-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *SAN AUGUSTINE COUNTY APPRAISAL DISTRICT, APPELLANT* | § | *APPEAL FROM THE 273RD* |
| *V.* | | |
| | § | *JUDICIAL DISTRICT COURT* |
| *OLIVER LANE CHAMBERS, DONNA KAY CHAMBERS-JONES, RHONDA THOMPSON, CLINTON L. CHAMBERS, AND BRANDI N. CHAMBERS, APPELLEES* | § | *SAN AUGUSTINE COUNTY, TEXAS* |

## *OPINION*

San Augustine County Appraisal District appeals from the trial court's summary judgment rendered in favor of Oliver Lane Chambers, Donna Kay Chambers-Jones, Rhonda Thompson, Clinton L. Chambers, and Brandi N. Chambers in their suit contesting SCAD's assessment of ad valorem tax on certain mineral interests. In its sole issue, SCAD asserts the trial court erred in granting Appellees' motion for summary judgment and denying SCAD's motion for summary judgment. We affirm.

## BACKGROUND

Appellees, who own 652 acres of land in Shelby County, entered into oil and gas leases that unitized their mineral interests to form two separate gas units. Also contained in those units were interests from land located in San Augustine County. In 2013, SCAD sent notices of appraised value to Appellees for their fractional royalty interest in each of the two production units and stated the owner's proposed tax estimate. Appellees filed a notice of protest asserting that SCAD does not have authority to tax their mineral interests. The appraisal review board

1

ordered that the chief appraiser make no change to the appraisal records concerning Appellees' property.

Appellees sought judicial review of that order, contending their mineral interests are properly taxed in Shelby County. SCAD moved for summary judgment, arguing that Appellees had cross-conveyed their mineral interests with other mineral owners and are appropriately taxed in both Shelby and San Augustine Counties. The trial court granted the motion, and Appellees appealed that judgment to this court. On review, we concluded, as a matter of law, that Appellees' leases authorized pooling but prohibited cross-conveyance of interests. *See Chambers v. San Augustine Cty. Appraisal Dist.*, 514 S.W.3d 420, 425 (Tex. App.—Tyler 2017, no pet.). Therefore, SCAD did not establish that Appellees own an interest in pooled minerals located in San Augustine County or had an obligation to pay taxes in that county. *Id*. We reversed the trial court's judgment and remanded the cause to the trial court. *Id*.

On remand, Appellees filed a motion for summary judgment asserting that, because their leases expressly prevented any cross-conveyance from occurring when a unit was formed, their interests could not have been cross-conveyed with any interests in San Augustine County, their royalty interests lie outside of SCAD's boundaries, and SCAD is not authorized to assess ad valorem taxes on Appellees' mineral interests. SCAD filed its second motion for summary judgment asserting the affirmative defenses of waiver, ratification, and estoppel. The trial court granted Appellees' motion and denied SCAD's motion. This appeal ensued.

## SUMMARY JUDGMENT

In its sole issue, SCAD contends the trial court erred in granting Appellees' motion for summary judgment and denying SCAD's motion for summary judgment. In sub-parts one through three, SCAD asserts that, notwithstanding any language in the leases, it should prevail on its affirmative defenses. SCAD argues that, by signing division orders that acknowledge their interests and ownership within the units and accepting royalty payments pursuant to the division orders, Appellees waived their right to protest the cross-conveyance language in their leases, ratified the unit designations, and agreed to combine and share in the production from the units, effecting a cross-conveyance of their mineral interests with other mineral interest owners in the units. Additionally, SCAD asserts that Appellees are estopped from denying their ratification of the unit designations because they accepted royalty payments. Therefore, SCAD argues,

Appellees' mineral interests are a properly taxable situs within SCAD's boundaries because the units extend into San Augustine County.

**Standard of Review**

We review the trial court's decision to grant summary judgment de novo. ***Tex. Mun. Power Agency v. Pub. Util. Comm'n***, 253 S.W.3d 184, 192 (Tex. 2007). The movant for traditional summary judgment has the burden of showing that there is no genuine issue of material fact and it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); ***Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding***, 289 S.W.3d 844, 848 (Tex. 2009). When a defendant moves for summary judgment on an affirmative defense, it must prove all the essential elements of its defense as a matter of law. ***Ryland Group, Inc. v. Hood***, 924 S.W.2d 120, 121 (Tex. 1996) (per curiam). Once the movant establishes a right to summary judgment as a matter of law, the burden shifts to the nonmovant to present evidence raising a genuine issue of material fact, thereby precluding summary judgment. *See **City of Houston v. Clear Creek Basin Auth.***, 589 S.W.2d 671, 678-79 (Tex. 1979). Review of a summary judgment requires that the evidence be viewed in the light most favorable to the nonmovant. ***Town of Shady Shores v. Swanson***, 590 S.W.3d 544, 551 (Tex. 2019). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. ***Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.***, 51 S.W.3d 573, 577 (Tex. 2001).

When both sides move for summary judgment and the trial court grants one motion but denies the other, the appellate court should review both sides' proof and determine all questions presented by the motions. ***Mid-Continent Cas. Co. v. Global Enercom Mgmt., Inc.***, 323 S.W.3d 151, 153-54 (Tex. 2010) (per curiam). The appellate court should then render the judgment the trial court should have rendered. ***Id***. at 154.

**Applicable Law**

Ratification occurs when a person who knows all the material facts confirms or adopts a prior act that did not then legally bind him and which he could have repudiated. ***Bank of Am., N.A. v. Prize Energy Res., L.P.***, 510 S.W.3d 497, 505 (Tex. App.—San Antonio 2014, pet. denied). Proof of ratification requires evidence establishing (1) approval by act, word, or conduct, (2) with full knowledge of the facts of the earlier act, and (3) with the intention of giving validity to the earlier act. ***Id***. at 505-06.

3

Waiver is defined as an intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right. *Jernigan v. Langley*, 111 S.W.3d 153, 156 (Tex. 2003) (per curiam). There can be no waiver of a right if the person sought to be charged with waiver says or does nothing inconsistent with an intent to rely upon such right. *Id*. When the surrounding facts and circumstances are undisputed, waiver is a question of law. *Id*. at 156-57.

Quasi estoppel precludes a person from asserting, to another's disadvantage, a right inconsistent with a position previously taken. *Lopez v. Munoz, Hockema & Reed, L.L.P.*, 22 S.W.3d 857, 864 (Tex. 2000). The doctrine applies when it would be unconscionable to allow a person to maintain a position inconsistent with one in which he acquiesced. *Id*.

## Analysis

Appellees moved for summary judgment on the basis that their leases prevented cross-conveyance of interests and their royalty interests lie outside the boundaries of San Augustine County. Therefore, they argued, SCAD has no authority to tax their interests.

Appellees' leases contain pooling provisions granting the lessee power to pool or combine acreage covered by two or more leases. *See Browning Oil Co. v. Luecke*, 38 S.W.3d 625, 634 (Tex. App.—Austin 2000, pet. denied) (op. on reh'g). The legal effect of a unitized lease is the sharing of the proceeds of production. *See French v. George*, 159 S.W.2d 566, 569 (Tex. Civ. App.—Amarillo 1942, writ ref'd). While there is a presumed intent to cross-convey participating lessors' interests, pooling does not require cross-conveyance. *See Southland Royalty Co. v. Humble Oil & Refining Co.*, 249 S.W.2d 914, 916 (Tex. 1952). As we determined in the prior appeal of this case, Appellees' leases expressly prohibited cross-conveyance of interests. *Chambers*, 514 S.W.3d at 425; *see also Wagner & Brown, Ltd. v. Sheppard*, 282 S.W.3d 419, 422 (Tex. 2008); *Southland Royalty Co.*, 249 S.W.2d at 916. In the absence of cross-conveyancing, Appellees do not own an interest in minerals located in other tracts in the pool. *See Southland Royalty Co.*, 249 S.W.2d at 916. Accordingly, Appellees' interests lie in Shelby County. SCAD has no authority to tax those interests. Thus, Appellees established entitlement to judgment as a matter of law. *See Fielding*, 289 S.W.3d at 848.

SCAD argues that, notwithstanding any language in the leases, Appellees, "via execution of their division orders and acceptance of royalties thereunder, have subsequently ratified the unit designations . . . ." Any terms contained in the leases which purport to prevent the cross-conveyance of Appellees' interests, the argument continues, are "subordinated and superseded"

by the division orders. SCAD also contends that by executing the division orders and accepting royalties, Appellees have waived any right to protest the cross-conveyance of their mineral interests. It follows, SCAD asserts, that by ratifying the unit designations and agreeing to share in the production of the units, Appellees' royalty payments are property that has a taxable situs within the boundaries of San Augustine County.

Appellees signed division orders authorizing and directing distribution of funds from the sale of oil and gas from the pooled units. *See* TEX. NAT. RES. CODE ANN. § 91.401(3) (West 2011); *Yzaguirre v. KCS Res., Inc.*, 47 S.W.3d 532, 539 (Tex. App.—Dallas 2000), *aff'd*, 53 S.W.3d 368 (Tex. 2001). The division orders include the provision: "This Division Order does not amend any lease or operating agreement between the undersigned and the lessee or operator or any other contracts for the purchase of oil and gas."

It may be said that signing the division order and accepting payment ratifies the unitization. *See Roberts v. Lone Star Producing Co.*, 369 S.W.2d 373, 377 (Tex. Civ. App.—Eastland 1963, no writ). However, Appellees are not contesting unitization. Unitization, in the absence of cross-conveyance, does not entitle SCAD to assess taxes on Appellees' interests in the pooled units. Whether there is a cross-conveyance depends on the lease language, not the presence of unitization. *See Sheppard*, 282 S.W.3d at 422; *Southland Royalty Co.*, 249 S.W.2d at 916. We have already determined that the leases involved in this case authorize pooling but prohibit cross-conveyance of interests. *See Chambers*, 514 S.W.3d at 425. Division orders do not convey royalty interests or supplant oil and gas leases. *Yzaguirre*, 47 S.W.3d at 539. While a division order can create a contractual relationship, it does not transfer title. *Rogers v. Ricane Enters., Inc.*, 884 S.W.2d 763, 770 (Tex. 1994).

Accordingly, signing division orders and accepting payment does not, through any purported ratification of unitization, act as a ratification of cross-conveyancing. *See Bank of Am., N.A.*, 510 S.W.3d at 505. Cross-conveyancing, not unitization, is the factor SCAD needs to prove to show entitlement to tax Appellees.

Moreover, approving the unitization by signing the division orders and accepting payment does not modify the lease. *See Yzaguirre*, 47 S.W.3d at 539. Appellees did not, by these acts, relinquish their right to disavow cross-conveyancing. *See Jernigan*, 111 S.W.3d at 156. Further, signing the division orders and accepting payment is not inconsistent with an intent to rely on the lease provision prohibiting cross-conveyance of interests. *See id*. Appellees

have not waived the right to rely on their lease language prohibiting cross-conveyancing of interests. *See id*.

Next, SCAD argues that Appellees are estopped from asserting that the lease prevents cross-conveyancing because they ratified the cross-conveyance, the unit designations, and agreement to share in production of the units by signing the division orders and accepting payment. In other words, SCAD argues that Appellees cannot accept the benefits of a transaction, the unitization, and then take the position that there is no cross-conveyance to avoid paying taxes on their mineral interests.

As explained above, signing the division orders and accepting payment did not result in a ratification of cross-conveyance. Moreover, Appellees have the right to prohibit cross-conveyance of interests. *See Sheppard*, 282 S.W.3d at 422. Appellees are not estopped from relying on their lease language, which is not inconsistent with accepting payment pursuant to division orders, their entitlement to which is derived from unitization. *See Lopez*, 22 S.W.3d at 864.

In the fourth sub-part of its issue, SCAD explains that its assessment of ad valorem taxes on Appellees' mineral interests strictly follows the methodology widely and continually used by appraisal districts throughout Texas. Taxing entities rely heavily upon unitization agreements and division orders to apportion ad valorem taxes on mineral interests and depriving appraisal districts the ability to rely on them, SCAD contends, would adversely affect assessment of taxes on minerals. SCAD opines that Appellees' position, if adopted, "would create uncertainty in every royalty payment," and taxing districts would be forced to review every lease, many of which are not public record.

To address this complaint, we turn to the tax code. A royalty interest is subject to taxation as real estate and taxable by a taxing unit if located in the taxing unit on January 1. TEX. TAX CODE ANN. § 21.01 (West Supp. 2020); *Electra Indep. Sch. Dist. v. W.T. Waggoner Estate*, 168 S.W.2d 645, 649 (Tex. 1943). SCAD can tax minerals outside San Augustine County when cross-conveyance theory is properly applied. *See Montgomery v. Rittersbacher*, 424 S.W.2d 210, 213 (Tex. 1968). No Texas statute provides for taxation of minerals outside the boundaries of the taxing unit merely by virtue of the fact that they are included in a production unit pursuant to a pooling agreement. No statute provides that pooling results in a cross-conveyance. As explained above, Appellees' leases prohibit cross-conveyance of interests.

6

SCAD is required to apply the law, even if it means adapting as the applicable law is clarified through the judicial process.

SCAD has not, by the application of affirmative defenses or otherwise, raised an issue of material fact regarding whether it may assess taxes on Appellees' interests. Neither has it shown that it is entitled, as a matter of law, to collect ad valorem taxes on Appellees' mineral interests. Therefore, SCAD did not show that summary judgment for Appellees is precluded or establish its right to summary judgment. *See **Fielding***, 289 S.W.3d at 848; ***Hood***, 924 S.W.2d at 121. We overrule SCAD's sole issue.

## DISPOSITION

Appellees established their right to judgment as a matter of law, and SCAD neither raised a fact question nor established its right to judgment as a matter of law based on its affirmative defenses. Accordingly, the trial court did not err in granting Appellees' motion for summary judgment and denying SCAD's motion for summary judgment. We ***affirm*** the trial court's judgment.

GREG NEELEY
Justice

Opinion delivered January 21, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

7



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 21, 2021**

**NO. 12-20-00128-CV**

**SAN AUGUSTINE APPRAISAL DISTRICT,**
Appellant
V.
**OLIVER LANE CHAMBERS, DONNA KAY CHAMBERS-JONES, RHONDA THOMPSON, CLINTON L. CHAMBERS, AND BRANDI N. CHAMBERS,**
Appellees

---

Appeal from the 273rd District Court

of San Augustine County, Texas (Tr.Ct.No. CV-13-9481)

---

THIS CAUSE came to be heard on the oral arguments, appellate record, and briefs filed herein, and same being considered, it is the opinion of this court that there was no error in the trial court's judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the Appellant, **SAN AUGUSTINE APPRAISAL DISTRICT**, for which execution may issue, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*