

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-20-00044-CV

———————————————

BARBARA J. KADOW, Appellant

V.

MICHAEL H. GRAUERHOLZ, INDIVIDUALLY AND AS PRESIDENT OF
WESBROOKS, INC., Appellee

---

On Appeal from the 89th District Court
Wichita County, Texas
Trial Court No. DC89-CV2019-0556

---

Before Sudderth, C.J.; Womack and Walker, JJ.
Memorandum Opinion by Justice Womack

# MEMORANDUM OPINION

## I. INTRODUCTION

This is an accelerated interlocutory appeal under the Texas Citizens Participation Act (TCPA).[1]  *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 27.001–.011, 51.014(a)(12).  Appellee Michael H. Grauerholz, individually and as president of Wesbrooks, Inc., sued appellant Barbara J. Kadow for defamation.  Kadow moved to dismiss that suit under the TCPA.  The trial court conducted a hearing on the motion but allowed it to be overruled by operation of law.  *See id.* §§ 27.005(a) (stating that trial court must rule within 30 days after hearing concludes), .008(a) (stating that if a trial court does not rule within the time prescribed by Section 27.005, the motion is "considered to have been denied by operation of law").  We will reverse and remand.

## II. BACKGROUND

Kadow sued Grauerholz for breach of contract and conversion in Denton County probate court in February 2019.  On September 10, 2019, Grauerholz filed a defamation lawsuit against Kadow in Wichita County.[2]  Grauerholz alleges that Kadow sent an email to Randy Camp, Grauerholz's accountant, on August 8, 2018,

---

[1]The legislature amended the TCPA effective September 1, 2019; those amendments apply to actions filed on or after that date.  *See* Act of May 17, 2019, 86th Leg., R.S., ch. 378, H.B. 2730 § 11 (effective Sept. 1, 2019).  Because Grauerholz filed suit on September 10, 2019, this case is governed by the TCPA as amended.

[2]Grauerholz later added a claim for unauthorized use of a credit card.  That claim is not at issue on appeal.

stating that Grauerholz was "under criminal investigation for fraud[,] abuse of the elderly, misappropriation of funds, theft, and kidnapping." Grauerholz alleges that he discovered the email during a search of records in response to a discovery request in Kadow's Denton County lawsuit.

In the email, which is appended to Grauerholz's original petition,[3] Kadow asks Camp to give her certain documents relating to the sale of Wesbrooks and to payments on a note. Kadow explains that the documents are "crucial" to her lawsuit (which she had not yet filed) to recover the balance of the note from Grauerholz. She also explains that she is "unable to file the lawsuits due to lack of complete information." Later in the email, Kadow states that Grauerholz "is under criminal investigation for Fraud, Abuse of the elderly, misappropriations of funds, theft, kidnapping, etc." She urges Camp not to incriminate himself by protecting Grauerholz or by "losing" any of the documents she requests.

Kadow was served with Grauerholz's suit on September 11, 2019, as she awaited her deposition in the Denton County lawsuit. In her original answer to Grauerholz's suit, she asserted as affirmative defenses that the suit was barred by limitations and that her statements were made in contemplation of a judicial proceeding.

_____

[3]Grauerholz's amended petition refers to the email as "Exhibit A" but does not actually append it as an exhibit.

Kadow moved to dismiss Grauerholz's suit under the TCPA, asserting that the suit infringed on both her right to free speech and her right to petition. Kadow also again asserted that Grauerholz's suit is barred by limitations.

Rather than responding to the motion to dismiss on its merits, Grauerholz moved to strike the motion based solely on the fact that Kadow denied having sent the email. Grauerholz appended to his motion four unauthenticated pages from Kadow's deposition in the Denton County lawsuit. In those excerpts, Kadow states that she wrote the email but did not send it.

The trial court held a hearing on Kadow's TCPA motion on December 18, 2019. Grauerholz testified that he heard Kadow testify during her deposition that she did not send the email. Neither party offered any other evidence. Grauerholz handed the court a copy of Kadow's deposition, but that deposition was not offered or admitted into evidence and is thus not in the record.

Kadow's TCPA motion was overruled by operation of law on January 17, 2020. *See id.* §§ 27.005, .008(a). Nevertheless, on January 21, 2020, Grauerholz objected to the motion as untimely.

## III. DISCUSSION

### A. Overview of the TCPA

A party moving to dismiss a legal action under the TCPA bears the initial burden to demonstrate that the action "is based on or is in response to" the movant's

exercise of the right of free speech or the right to petition.[4] *Id.* § 27.005(b). This burden may be satisfied by reference to the plaintiff's petition which, "as so often has been said, is the best and all-sufficient evidence of the nature of the action." *Hersh v. Tatum*, 526 S.W.3d 462, 467 (Tex. 2017) (internal quotation marks omitted). "When it is clear from the plaintiff's pleadings that the action is covered by the Act, the defendant need show no more." *Id.*; *accord Adams v. Starside Custom Builders, LLC*, 547 S.W.3d 890, 897 (Tex. 2018).

If the movant carries her burden, the court must dismiss the action unless the nonmovant "establishes by clear and specific evidence a prima facie case for each essential element of the claim in question." Tex. Civ. Prac. & Rem. Code Ann. § 27.005(c). But even if the nonmovant establishes a prima facie case, the court must still dismiss the action if the movant establishes an affirmative defense. *See id.* § 27.005(d).

In determining the motion, the trial court may consider the pleadings, affidavits, and evidence permitted in a summary-judgment context. *See id.* § 27.006. This court reviews a ruling on a TCPA motion to dismiss de novo. *Beving v. Beadles*, 563 S.W.3d 399, 404 (Tex. App.—Fort Worth 2018, pet. denied).

---

[4]Our discussion of the TCPA is limited to those provisions that apply to the facts before us. For example, the TCPA also applies to actions based on or in response to the exercise of the right of association, *see* Tex. Civ. Prac. & Rem. Code Ann. § 27.005(b), but we need not address that right because it is not at issue here.

**B. Waiver of Kadow's free speech ground**

As a threshold matter, we must address Grauerholz's contention that Kadow waived her motion to dismiss insofar as it is based on her right of free speech. Waiver is "an intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right." *Jernigan v. Langley*, 111 S.W.3d 153, 156 (Tex. 2003). It is largely a matter of intent, which is determined by examining the surrounding facts and circumstances. *Id.*

Grauerholz's waiver argument is based on this statement by Kadow's attorney at the TCPA hearing: "We're not arguing free speech. We're arguing this is an infringement on my client's right to petition." This statement must, however, be considered in context. *See id.*

Kadow's motion to dismiss expressly recites that it is based both on her right of free speech and her right to petition. Her posthearing brief in support of dismissal similarly recites that her motion is based on both rights. And, at the hearing on the motion, Kadow confirmed that she was alleging an infringement on her right of free speech even though her primary allegation concerned her right to petition.

The bulk of Kadow's oral argument at the hearing concerned her right to petition and whether Grauerholz had filed his lawsuit to intimidate her from pursuing her Denton County suit against him. But Grauerholz's responsive argument addressed only two issues—the effect of Kadow's denying that she sent the email and the statute of limitations. It was in this context that Kadow's attorney stated that he

6

was not *arguing* free speech. Considering the totality of the pleadings and the record of the hearing, a fair interpretation of this statement is that Kadow's attorney was focusing his argument to the court at the hearing on the right to petition, not that he was waiving any argument based on the right of free speech.

Grauerholz's contention that Kadow waived application of the TCPA based on infringement of her right of free speech is overruled.

## C. Exercise of the right of free speech

The first step in our TCPA analysis is to determine whether Kadow demonstrated that Grauerholz's defamation action is based on or is in response to her exercise of the right of free speech or the right to petition. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.005(b). We begin with the right of free speech.

The TCPA defines "exercise of the right of free speech" as "a communication made in connection with a matter of public concern." *Id.* § 27.001(3). "Communication" includes "the making or submitting of a statement or document in any form or medium, including . . . electronic." *Id.* § 27.001(1). And "matter of public concern" includes a statement regarding "a matter of political, social, or other interest to the community" or regarding "a subject of concern to the public."[5] *Id.* § 27.001(7)(B), (C).

---

[5]Grauerholz argues that Kadow's email does not relate to a matter of public concern because he is not a public official, public figure, or celebrity. But that status applies to only one definition of "matter of public concern." *See* Tex. Civ. Prac. &

7

Grauerholz's legal action against Kadow is based on his allegation that her email to Camp is defamatory. There is no question that Kadow's email is a communication. *See id.* § 27.001(1); *Lippincott v. Whisenhunt*, 462 S.W.3d 507, 509 (Tex. 2015) (stating that the TCPA applies to both public and private communication). The question is whether the portion about which Grauerholz complains—the statement that he is being criminally investigated for fraud, elder abuse, misappropriation of funds, theft, and kidnapping—is a statement regarding matters of interest to the community or regarding subjects of concern to the public. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.001(7)(B), (C).

"[S]peech deals with matters of public concern when it can be fairly considered as relating to any matter of political, social, or other concern to the community." *Brady v. Klentzman*, 515 S.W.3d 878, 884 (Tex. 2017) (internal quotation marks omitted). More specifically, the commission of a crime is a matter of public concern. *Id.*; *see, e.g., Adams*, 547 S.W.3d at 897 (concluding that email alleging developer engaged in unspecified criminal conduct held to be of public concern); *MediaOne, L.L.C. v. Henderson*, 592 S.W.3d 933, 940 (Tex. App.—Tyler 2019, pet. denied) (holding that publication reporting criminal activity held to be of public concern).[6]

Rem. Code Ann. § 27.001(7)(A). Here, we are concerned with the other two definitions of that phrase. *See id.* at § 27.001(7)(B), (C).

[6]These cases were decided under the prior version of the TCPA. They remain instructive, though, because the definition of "matter of public concern" applicable

8

Indeed, the San Antonio and Dallas courts of appeals have both recognized criminal mistreatment of animals as being matters of public concern. *See Maldonado v. Franklin*, No. 04-18-00819-CV, 2019 WL 4739438, at *7 (Tex. App.—San Antonio Sept. 30, 2019, no pet.) (mem. op.); *Duncan v. Acius Grp., LP*, No. 05-18-01432-CV, 2019 WL 4392507, at *4 (Tex. App.—Dallas Sept. 13, 2019, no pet.) (mem. op.). Criminal mistreatment of people, including elder abuse and kidnapping, are even more clearly matters of public concern.

We conclude that Kadow's allegation that Grauerholz was under criminal investigation was a statement regarding a matter of interest to the community and regarding a subject of concern to the public. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.001(7)(B), (C). Kadow therefore sustained her burden of demonstrating that Grauerholz's legal action is based on or in response to her exercise of the right of free speech. *See id.* § 27.005(b). Accordingly, it is not necessary to address whether she also demonstrated that the action is based on or in response to her exercise of the right to petition.

## D. Prima facie case of defamation

Once Kadow sustained her initial burden under the TCPA, the burden shifted to Grauerholz to establish by clear and specific evidence a prima facie case for each essential element of his defamation claim. *See id.* § 27.005(c). Unlike in most other

here is broader than the definition under the prior version. *See* Act of May 17, 2019, 86th Leg., R.S., ch. 378, H.B. 2730, § 11 (effective Sept. 1, 2019).

contexts, a trial court considering a TCPA motion to dismiss may consider a party's pleadings as evidence. *See In re Lipsky*, 460 S.W.3d 579, 590 (Tex. 2015) (orig. proceeding). But general allegations that would satisfy the "fair notice" pleading standard are not sufficient to satisfy the TCPA's "clear and specific evidence" requirement. *Id.* "Instead, a plaintiff must provide enough detail to show the factual basis for its claim." *Id.* at 591.

The essential elements of a defamation claim are that "the defendant: (1) published a statement; (2) that was defamatory concerning the plaintiff; (3) while acting with either actual malice, if the plaintiff was a public official or public figure, or negligence, if the plaintiff was a private individual, regarding the truth of the statement." *WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998). The defendant must also prove damages unless the statement constitutes defamation per se. *D Magazine Partners, L.P. v. Rosenthal*, 529 S.W.3d 429, 434 (Tex. 2017). The supreme court has made clear that a plaintiff seeking to survive a TCPA motion to dismiss is required to establish a prima facie case on each of these elements. *See id.* at 434, 439.

In this case, the only evidence the trial court could consider concerning the elements of Grauerholz's defamation claim was Grauerholz's petition.[7] Grauerholz

---

[7]Grauerholz appended four unauthenticated pages of Kadow's deposition to his petition. Even if these pages could be considered as evidence, their content does not relate to the elements of defamation.

offered his own live testimony, but the TCPA does not authorize a court to consider such testimony. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.006(a) (authorizing the court to consider "the pleadings, evidence a court could consider under Rule 166a, Texas Rules of Civil Procedure, and supporting and opposing affidavits"); Tex. R. Civ. P. 166a ("No oral testimony shall be received at the hearing."). At any rate, Grauerholz's testimony did not relate to any element of defamation. In fact, Grauerholz did not make any attempt to establish a prima facie case on any of the necessary elements. Instead, he opposed Kadow's motion solely on the ground that she could not invoke the TCPA because she denied having sent the email.

Grauerholz relied on our opinion in *Rauhauser v. McGibney*, 508 S.W.3d 377 (Tex. App.—Fort Worth 2014, no pet.), *disapproved by Hersh v. Tatum*, 526 S.W.3d 462, 467 & n.23 (Tex. 2017), and the opinion of the Dallas Court of Appeals in *Pickens v. Cordia*, 433 S.W.3d 179 (Tex. App.—Dallas 2014, no pet.), *disapproved by Hersh v. Tatum*, 526 S.W.3d 462, 467 (Tex. 2017). Both cases hold that a defendant who denies making a communication cannot obtain dismissal under the TCPA on free speech grounds. *See Rauhauser*, 508 S.W.3d at 385; *Pickens*, 433 S.W.3d at 188. But the supreme court has expressly disapproved both cases. *See Hersh*, 526 S.W.3d at 467 & n.23. The *Hersh* court explained that "[t]he basis of a legal action is not determined by the defendant's admissions or denials but by the plaintiff's allegations." *Id.* at 467. Thus, when the plaintiff's pleadings show that the action is covered by the TCPA, "the defendant need show no more." *Id.*

11

On appeal, Grauerholz does not pursue his argument that Kadow was precluded from invoking the TCPA because she denied having sent the email. He now argues that he established a prima facie case of defamation because Kadow's statement satisfies the legal definition of malice—"the publication of a statement 'with knowledge that it was false or with reckless disregard of whether it was false or not.'" *McLemore*, 978 S.W.2d at 573–74 (quoting *New York Times Co. v. Sullivan*, 376 U.S. 254, 280, 84 S.Ct. 710, 726 (1964)). The only evidentiary support for this argument is the allegation in Grauerholz's petition that Kadow published false statements "with malice."

We first note that Grauerholz applies the wrong fault standard. The actual malice standard applies only when the plaintiff is a public official or public figure. *See Lipsky*, 460 S.W.3d at 593; *McLemore*, 978 S.W.2d at 571. There is no evidence, or even an allegation, that Grauerholz is a public official or public figure. The proper standard, then, is negligence regarding the truth of the statement. *See Lipsky*, 460 S.W.3d at 593; *McLemore*, 978 S.W.2d at 571.

In any event, Grauerholz did not present any evidence to support either fault standard. While Grauerholz's petition may be considered as evidence, that petition merely states in conclusory fashion that Kadow acted "with malice." This general allegation does not satisfy the TCPA's "clear and specific evidence" requirement because it does not provide any detail to show the factual basis of Grauerholz's claim of malice or fault. *See Lipsky*, 460 S.W.3d at 591.

12

Falsity is also an element of Grauerholz's defamation claim for which he was required to make a prima facie case by clear and specific evidence. *See Rosenthal*, 529 S.W.3d at 441. "[A]lthough truth is generally a defense to defamation, the burden shifts to the plaintiff to prove falsity in cases involving matters of public concern." *Id.*; *see Van Der Linden v. Khan*, 535 S.W.3d 179, 200 (Tex. App.—Fort Worth 2017, pet. denied). Grauerholz's petition merely asserts that Kadow's statement was false. This general allegation, like the allegation of malice, is insufficient to establish a prima facie case by clear and specific evidence. *See Lipsky*, 460 S.W.3d at 591.

Grauerholz failed to satisfy the "clear and specific evidence" requirement as applied to two essential elements of defamation. He therefore failed to sustain his statutory burden to avoid dismissal under the TCPA. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.005(c). It is therefore not necessary to address whether Kadow established her affirmative defense of limitations.[8] *See id.* § 27.005(d).

Kadow sustained her burden under the TCPA; Grauerholz did not. Consequently, the trial court erred by failing to grant Kadow's TCPA motion to

---

[8]The limitations period for defamation is one year. Tex. Civ. Prac. & Rem. Code Ann. § 16.002(a). It is undisputed that Kadow's email was sent on August 8, 2018 and that Grauerholz filed his original petition on September 10, 2019, more than one year later. Grauerholz did not plead the discovery rule. He invoked that rule at the dismissal hearing but did not present any evidence to support its application. *See Childs v. Haussecker*, 974 S.W.2d 31, 40 (Tex. 1998) (explaining that the discovery rule defers accrual of cause of action until plaintiff discovers or reasonably should discover the nature of his injury).

13

dismiss Grauerholz's defamation claim. *See id.* § 27.005(b), (c); *Castleman v. Internet Money Ltd.*, 546 S.W.3d 684, 691 (Tex. 2018). Kadow's sole issue is sustained.

## E. Ancillary matters

### 1. Timeliness of the motion to dismiss

Kadow notes that Grauerholz filed an objection in the trial court asking that Kadow's TCPA motion be dismissed as untimely. This objection was filed after the court allowed the TCPA motion to be overruled by operation of law. Because the question of timeliness was not brought to the court's attention before the motion was overruled, that issue does not impact our review of the court's action. *See* Tex. R. App. P. 33.1 (stating that error preservation requires a timely request, objection, or motion). In any event, the record demonstrates that the motion was timely filed.

A TCPA motion to dismiss must be filed no later than the sixtieth day after the date of service. Tex. Civ. Prac. & Rem. Code Ann. § 27.003(b). Grauerholz served Kadow on September 11, 2019. Kadow filed her TCPA motion on November 12, 2019, sixty-two days later. But we take judicial notice that the sixtieth day following September 11, 2019, was November 10, 2019—a Sunday, and the sixty-first day was November 11, 2019—a national holiday (Veterans Day). *See Chau v. Select Med. Corp.*, 582 S.W.3d 413, 416 (Tex. App.—Eastland 2018, pet. denied) (noting that courts of appeals may take judicial notice of legal holidays); *Muhammad v. Plains Pipeline, L.P.*, No. 12-16-00189-CV, 2017 WL 2665180, at *1 n.2 (Tex. App.—Tyler June 21, 2017, no pet.) (mem. op.) (taking judicial notice of a Saturday and a legal holiday); Tex.

14

Gov't Code Ann. § 662.003(a)(7) (recognizing Veterans Day as a national holiday). Because Veterans Day is a legal holiday in Wichita County, Kadow's filing on November 12, 2019, was timely. *See* Tex. R. Civ. P. 4; *Miller Brewing Co. v. Villarreal*, 829 S.W.2d 770, 772 (Tex. 1992) (concluding that "legal holiday" as used in rule 4 "includes a day which the commissioners court in the county in which the case is pending has determined to be a holiday, or on which the clerk's office for the court in which the case is pending is officially closed").

### 2. Jurisdiction of the Denton County lawsuit

Grauerholz alleges in his brief that Kadow falsely represented in her Denton County lawsuit that she lives in Tarrant County, Texas. He argues that, if Kadow is not a Texas resident, then the Denton County lawsuit has "a fatal jurisdictional defect" and this Court has a duty to determine that jurisdiction. We disagree.

The only action before us is the lawsuit filed by Grauerholz against Kadow in Wichita County. Whether the Denton County court has jurisdiction over the lawsuit Kadow filed there is a matter for that court to determine.

It is unclear whether Grauerholz also asserts that there is a jurisdictional defect in the Wichita County case (which Grauerholz, himself, filed). Regardless, he offers only speculation and innuendo concerning Kadow's residency and cites no legal authority supporting his contention that her true residency would deprive the Wichita County court of jurisdiction.

Grauerholz's jurisdictional argument is overruled.

15

## IV. CONCLUSION

Kadow filed a timely motion to dismiss under the TCPA and demonstrated that Grauerholz's defamation claim against her is based on or is in response to her exercise of the right of free speech. Grauerholz did not establish by clear and specific evidence a prima facie case of each essential element of his defamation claim. The trial court was thus required by statute to grant Kadow's motion to dismiss and erred by failing to do so.

We reverse the denial by operation of law of Kadow's motion to dismiss and remand Grauerholz's defamation claim to the trial court for dismissal and for further proceedings to determine court costs, attorney's fees, and sanctions to be awarded to Kadow under the TCPA. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.009(a); *Bedford v. Spassoff*, 520 S.W.3d 901, 906 (Tex. 2017); *Van Der Linden*, 535 S.W.3d at 204 (remanding claims to trial court for an order of dismissal).

/s/ Dana Womack

Dana Womack
Justice

Delivered: February 25, 2021

16