# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-21-00389-CV

---

**Peter David Wagner d/b/a Preservation of Your Home and Educational Ministries, Appellant**

**v.**

**Texas Department of Savings and Mortgage Lending, Appellee**

---

**FROM THE 345TH DISTRICT COURT OF TRAVIS COUNTY**
**NO. D-1-GN-20-004218, THE HONORABLE JAN SOIFER, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Appellee Texas Department of Savings and Mortgage Lending (the Department) brought an administrative enforcement action against appellant Peter David Wagner d/b/a Preservation of Your Home and Educational Ministries (Wagner), alleging that Wagner had failed to make timely payments as required by the terms of the parties' Agreed Final Order (the Order). The Department filed a motion for summary judgment, which the district court granted. In three issues on appeal, Wagner asserts that (1) the judgment does not conform to the pleadings, (2) there is a genuine issue of material fact as to whether the Department waived Wagner's noncompliance with the Order by accepting a late payment, and (3) there is a genuine issue of material fact as to whether an Emergency Order by the Texas Supreme Court during the COVID-19 pandemic extended the deadline for Wagner to make a payment. We will affirm the district court's order granting summary judgment.

**BACKGROUND**

According to the stipulated facts in the Order, from October 2012 to 2019, Wagner held himself out to the public as a loan modification consultant, refinance consultant, and/or mortgage consultant and received compensation or gain for assisting approximately 92 Texas homeowners or families by providing them with residential loan modification services.[1] The Order required Wagner to "repay any and all donations, funds, compensation or gain received . . . from October 2012 to [2019], in the total sum of at least $622,794.00 in restitution (i.e. approximately $6,769.50 to each of the approximately 92 families or clients)" that Wagner assisted, and to "pay the Department an administrative penalty in the amount of $1,500,000." These payments were to be made according to a detailed schedule specified in the Order. The first payment, in the amount of $500, was due no later than May 15, 2019; the second payment, in the amount of $4,000, was due no later than May 15, 2020; the third payment, in the amount of $8,000, was due no later than May 15, 2021; and the fourth payment, in the amount of $8,000, was due no later than May 15, 2022. The Order further provided that the remaining balance of the restitution and administrative penalty was "abated and deferred" and would not become due and payable unless Wagner failed to make the payments by the deadlines specified in the Order.

The evidence was undisputed that Wagner did not make the first payment until June 22, 2019, after the May 15, 2019, deadline specified in the Order. Wagner also failed to make the second payment by the May 15, 2020, deadline, submitting only a partial payment in the amount of $1,000. In an email sent to the Department that accompanied the partial payment,

---

[1] Although not included in the stipulated facts, the Order also recites that Wagner held a license as a residential mortgage loan originator that expired in 2004 and that during the relevant times referenced in the Order, Wagner was not licensed to conduct residential mortgage loan origination activity.

Wagner attributed his inability to make the full payment to COVID-19 and requested that he be allowed to submit monthly partial payments until the amount due was paid in full.[2]

In August 2020, the Department brought this administrative enforcement action against Wagner. The district court granted the Department's motion for summary judgment and ordered Wagner to pay the remaining balance of the restitution and administrative penalty in the amount of $2,106,794.00. Wagner filed a motion for new trial, which was overruled by operation of law. This appeal followed.

## STANDARD OF REVIEW

To prevail on a traditional summary-judgment motion, the movant must show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). The evidence raises a genuine issue of material fact if "reasonable and fair-minded jurors could differ in their conclusions in light of all of the evidence presented." *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007) (per curiam). We review the trial court's ruling on a summary-judgment motion de novo. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013); *Brooks v. Acosta*, 581 S.W.3d 485, 487 (Tex. App.—Austin 2019, no pet.). We take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

---

[2] In his brief, Wagner claims that "[a]t some point after May 15, 2020," he tendered payment of the full amount due at that time but that the Department rejected the payment. There is no evidence in the record regarding any attempted payment of the full amount due. At any rate, it is undisputed that Wagner's second payment was untimely.

## DISCUSSION

**Failure of judgment to conform to pleadings**

In his first issue, Wagner asserts that the district court's judgment does not conform to the pleadings. Specifically, the Department's petition for enforcement named Wagner as the sole defendant. However, the Department moved for summary judgment against "defendants," apparently referring to both Wagner and his d/b/a designation, Preservation of Your Home and Educational Ministries, as separate defendants. Consistent with the motion for summary judgment but inconsistent with the petition, the district court granted summary judgment against "defendants." Wagner argues that the district court's judgment should be vacated for that reason and remanded to the district court for a finding of "proportionate liability."

A trial court's judgment must conform to the pleadings on file at the time judgment is rendered. Tex. R. Civ. P. 301. This rule applies to both judgments following trial and summary judgments. *See Roark v. Stallworth Oil & Gas, Inc.*, 813 S.W.2d 492, 495 (Tex. 1991); *Houle v. Casillas*, 594 S.W.3d 524, 541 (Tex. App.—El Paso 2019, no pet.). However, a party may not raise a variance between the pleadings and the judgment for the first time on appeal. *See Dodd v. Savino*, 426 S.W.3d 275, 290-91 (Tex. App.—Houston [14th Dist.] 2014, no pet.); *Solomon v. Steitler*, 312 S.W.3d 46, 61 (Tex. App.—Texarkana 2010, no pet.); *see also Roark*, 813 S.W.2d at 495 ("If the non-movant does not object to a variance between the motion for summary judgment and the movant's pleadings, it would advance no compelling interest of the parties or of our legal system to reverse a summary judgment simply because of a pleading defect.").

Wagner raises this argument for the first time on appeal. He made no objection in the district court to the variance between the Department's petition and its motion for summary judgment, either in his response to the motion for summary judgment or in any subsequent filing. Nor did Wagner complain in his motion for new trial that the district court's summary judgment did not conform to the pleadings. Accordingly, we conclude that Wagner failed to preserve this issue for our review. *See* Tex. R. App. P. 33.1; *Dodd*, 426 S.W.3d at 290-91; *Solomon*, 312 S.W.3d at 61.

We overrule Wagner's first issue.

**Waiver**

In his second issue, Wagner asserts that there is a genuine issue of material fact as to whether the Department, by accepting Wagner's first payment even though it was late, waived the requirement in the Order that future payments be timely made. The Department responds that Wagner failed to produce any evidence that the Department ever clearly or unequivocally waived its right to enforce the timeliness requirements of the Order.

"Waiver is an affirmative defense that must be pleaded and proven by the party asserting it." *Plasma Fab, LLC v. BankDirect Cap. Fin., LLC*, 468 S.W.3d 121, 125 (Tex. App.—Austin 2015), *aff'd*, *BankDirect Cap. Fin., LLC v. Plasma Fab, LLC*, 519 S.W.3d 76 (Tex. 2017); *see* Tex. R. Civ. P. 94. "To defeat summary judgment by raising an affirmative defense, the nonmovant must do more than just plead the affirmative defense." *Lujan v. Navistar Fin. Corp.*, 433 S.W.3d 699, 704 (Tex. App.—Houston [1st Dist.] 2014, no pet.). "He must come forward with evidence sufficient to raise a genuine issue of material fact on each element of his affirmative defense." *Id.*

"The affirmative defense of waiver can be asserted against a party who intentionally relinquishes a known right or engages in intentional conduct inconsistent with claiming that right." *Tenneco Inc. v. Enterprise Prods. Co.*, 925 S.W.2d 640, 643 (Tex. 1996); *see EWB-I, LLC v. PlazAmericas Mall Texas, LLC*, 527 S.W.3d 447, 465 (Tex. App.—Houston [1st Dist.] 2017, pet. denied). "The elements of waiver include (1) an existing right, benefit, or advantage held by a party; (2) the party's actual knowledge of its existence; and (3) the party's actual intent to relinquish the right, or intentional conduct inconsistent with the right." *Ulico Cas. Co. v. Allied Pilots Ass'n*, 262 S.W.3d 773, 778 (Tex. 2008). "Waiver may be express or implied, but it must be intentional." *Northwest Constr. Co. v. Oak Partners, L.P.*, 248 S.W.3d 837, 848 (Tex. App.—Fort Worth 2008, pet. denied). "Waiver is largely a matter of intent, and for implied waiver to be found through a party's actions, intent must be clearly demonstrated by the surrounding facts and circumstances." *Jernigan v. Langley*, 111 S.W.3d 153, 156 (Tex. 2003). "There can be no waiver of a right if the person sought to be charged with waiver says or does nothing inconsistent with an intent to rely upon such right." *Id*.

Here, Wagner produced no evidence that by accepting a late payment, the Department intentionally relinquished its right to timely future payments and to recover the full amount due from Wagner in the event of a late payment as specified in the Order. There is nothing in the Order that provides that the Department's acceptance of a late payment alters in any way its right to timely payments or Wagner's continuing obligation to tender timely payments, and there was no communication between the parties at the time of Wagner's late payment suggesting that the Department, by its action in accepting a late payment, was waiving its right to timely payments moving forward. To the contrary, in an email from the Department's counsel to Wagner's counsel, sent at around the time Wagner tendered his first late payment, the

Department's counsel stated that "the [D]epartment is not waiving timely compliance with [the] Agreed Final Order." Additionally, by Wagner's own admission, the Department did not accept Wagner's second late payment and instead proceeded to bring this administrative enforcement action against Wagner, which is inconsistent with the Department intentionally relinquishing its right to timely payments. We conclude that Wagner failed to come forward with evidence sufficient to raise a genuine issue of material fact as to whether the Department intentionally relinquished its right to timely payments and, accordingly, that the Department's motion for summary judgment could not be defeated based on the affirmative defense of waiver.

We overrule Wagner's second issue.

**Emergency Order**

In his third issue, Wagner asserts that there is a genuine issue of material fact as to whether the Texas Supreme Court's Twelfth Emergency Order Regarding the COVID-19 State of Disaster extended Wagner's deadline for complying with the payment requirements of the Order. The Department responds that the Emergency Order does not apply here.

Beginning in March 2020, the Supreme Court of Texas issued numerous emergency orders to protect Texans from the COVID-19 pandemic. The Twelfth Emergency Order, issued on April 27, 2020, provided in relevant part that:

> Subject only to constitutional limitations, all courts in Texas may in any case, civil or criminal—and must to avoid risk to court staff, parties, attorneys, jurors, and the public—without a participant's consent:

> Modify or suspend any and all deadlines and procedures, whether prescribed by statute, rule, or order, specifically including those in Section 263.401 of the Family Code and in all proceedings under Subtitle E, Title 5, of the Family Code, for a stated period ending no later than 30 days after the Governor's state of

7

disaster has been lifted.

*Twelfth Emergency Order Regarding the COVID-19 State of Disaster*, 629 S.W.3d 144, 144 (Tex. 2020) (effective April 27, 2020). The order was issued pursuant to Section 22.0035(b) of the Texas Government Code, which provides that "[n]otwithstanding any other statute, the supreme court may *modify or suspend procedures for the conduct of any court proceeding* affected by a disaster during the pendency of a disaster declared by the governor." Tex. Gov't Code § 22.035(b) (emphasis added).

The statute does not define "court proceeding." However, our sister court, in an unpublished opinion, has explained that "a 'court proceeding' is necessarily a proceeding in which a party has invoked, or at least attempted to invoke, the power and authority of a court." *West Harwood 334B Land Tr. v. Clement*, No. 02-20-00216-CV, 2021 WL 1229973, at *5 (Tex. App.—Fort Worth Apr. 1, 2021, no pet.) (mem. op.). "Thus, 'procedures for the conduct of any court proceeding' means procedures for pursuing some action in court." *Id.* Additionally, this Court has explained that "the modification and suspension authorized under the statute are intended to address the interruption of in-court proceedings caused by the impairment of physical infrastructure as a result of a disaster." *Ex parte Boyd*, No. 03-20-00395-CR, 2022 WL 1144707, at *5 (Tex. App.—Austin Apr. 18, 2022, no pet.) (mem. op.). Regarding the COVID-19 emergency orders that were issued under the authority of Section 22.035(b), including the Twelfth Emergency Order, this Court wrote,

> That the emergency orders were likewise intended to address the disruption to physical infrastructure resulting from the COVID-19 pandemic is evident in the nature of the additional measures for which the Texas Supreme Court vested courts with authority. Under the Twelfth Emergency Order, to limit the transmissibility of the virus in court facilities, Texas courts were empowered to

8

allow parties, attorneys, witnesses, court reporters, and grand jurors to participate remotely; to "conduct proceedings away from the court's usual location"; to require participants in proceedings to alert the court if a participant was experiencing COVID-19 or flu-like symptoms; or to "[t]ake any other reasonable action to avoid exposing court proceedings to the threat of COVID-19."

*Id.* (quoting *Twelfth Emergency Order Regarding the COVID-19 State of Disaster*, 629 S.W.3d at 144–45).

The Order in this case, which was issued not by a court but by the Commissioner of the Department, provided that Wagner, as a result of conduct that he committed between 2012 and 2019, was to pay the Department $622,794 in restitution and an administrative penalty of $1,500,000. Wagner was to submit his payments not to a court but to the Department, an administrative agency, and the Twelfth Emergency Order says nothing about granting administrative agencies the ability to modify or suspend deadlines specified in agency orders. Moreover, the Order does not involve "procedures for pursuing some action in court," and Wagner's payment obligations under the Order would not be affected by any "impairment of physical infrastructure" to court facilities resulting from COVID-19. Additionally, even if we were to conclude that Wagner's payment obligations somehow implicated a court proceeding, the Twelfth Emergency Order gave courts discretion to modify or suspend deadlines but did not require them to do so, unless doing so was necessary "to avoid risk to court staff, parties, attorneys, jurors, and the public." *Twelfth Emergency Order Regarding the COVID-19 State of Disaster*, 629 S.W.3d at 144. There is no evidence in the record that modifying or suspending the payment deadlines in this case was necessary "to avoid risk to court staff, parties, attorneys, jurors, and the public," particularly considering that Wagner's payments did not need to be made

9

in person.  We conclude that the Twelfth Emergency Order is not applicable here and thus does not provide a basis for defeating the Department's motion for summary judgment.

We overrule Wagner's third issue.

## CONCLUSION

We affirm the district court's order granting the Department's motion for summary judgment.

_____

Gisela D. Triana, Justice

Before Justices Baker, Triana, and Theofanis

Affirmed

Filed:   January 26, 2023

10